[Civ. No. 13969. Second Dist., Div. Two. Apr. 14, 1943.]

CHARLES HOLT, Appellant, v. JAMES Q. HENRY et al., Respondents.

Allen M. Williams for Appellant.

Crider, Runkle & Tilson for Respondents.

McCOMB, J.—From an order granting defendants' motion for a new trial on the ground that the evidence was insufficient to sustain the verdict of the jury, plaintiff appeals.

The record discloses that early in 1941 the county of Los Angeles purchased a ten story building at 800 North Spring Street, Los Angeles, to be used as an office building. The county entered into a contract with Mr. Nichols, a general building contractor, to modernize the structure. One phase of the work to be done by the general contractor was to cut

a twin elevator shaft through all floors of the building. This work included the construction of forms for the pouring of concrete for the walls of the elevator shaft. After concrete is poured into the forms and has hardened the forms are removed. This process is called "stripping" the concrete.

Defendant James Q. Henry had an independent contract with the county to furnish and install two elevators in the shaft. Defendants Johnson and Watkins were in the employ of defendant Henry. Plaintiff was a laborer employed by Mr. Nichols, the general contractor.

The general contractor's work had progressed to the point where the concrete had been poured into the forms in the elevator shaft. Immediately thereafter defendants Johnson and Watkins, employed by defendant Henry, constructed in the east half of the elevator shaft at a point mid-way between the floor and ceiling of the tenth floor, a platform called a "grasshopper skip." This skip was constructed from lumber and nails lying about the premises. The lumber had been used previously by the general contractor for the construction of cement forms, and later stripped from the hardened concrete. The two main supports for this platform were two-by-fours, ten feet long. Prior to the accident hereinafter described, the platform had been used to support as many as four workmen on several occasions, and appeared to be safe.

On July 7, 1941, plaintiff's employer instructed him and another workman to strip the forms in the elevator shaft on the ninth and tenth floors. While performing this work plaintiff climbed upon the "grasshopper skip" above mentioned, and while removing one of the boards in the forms the platform upon which he was standing collapsed and he fell 106 feet to the bottom of the shaft, sustaining serious injuries.

After the accident the platform was hanging in a perpendicular position, and one of the supporting two-by-fours was broken.

This is the sole question necessary for us to determine:

 *Was the order of the trial court, granting defendants' motion for a new trial on the ground of insufficiency · of the evidence to sustain the verdict of the jury and the judgment predicated thereon, erroneous?*

This question must be answered in the negative, and is governed by these pertinent rules of law:

 (1) When a motion for a new trial is granted upon the ground of insufficiency of the evidence to sustain the

verdict, an appellate court will not disturb the ruling of the trial court if the record discloses a conflict in the evidence. (*Sternbeck* v. *Valinder*, 36 Cal.App.2d 346, 348 [97 P.2d 997].)

The foregoing rule is applicable even though the only conflict in the evidence consists of different inferences of ultimate facts to be deduced from uncontradicted probative facts. It is within the exclusive province of the trial judge to draw all inferences and deductions of fact, where the facts necessary to support a judgment do not naturally follow as a necessary sequence from the probative facts, but depend upon inferences to be deduced therefrom. (*Cauhape* v. *Security Savings Bank*, 118 Cal. 82, 84 [50 P. 310]; *Parker* v. *Brown* 13 Cal.App.2d 501, 504 [57 P.2d 183].)

(3) When the doctrine of res ipsa loquitur is applicable to a case such doctrine constitutes evidence which raises merely an inference of negligence (not a presumption). It may be overcome by other evidence in the case. (*Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 64, et seq. [59 P.2d 962].) (*Michener* v. *Hutton*, 203 Cal. 604, 610 [265 P. 238, 59 A.L.R. 480]; *Dowd* v. *Atlas T. & A. Service*, 187 Cal. 523, 532 [202 P. 870].)

(4) It is for the trier of fact to determine from all the evidence in the case whether the inference of negligence arising from the application of the doctrine of res ipsa loquitur has been met and rebutted. (*Michener* v. *Hutton, supra*, 610.)

Applying the foregoing rules to the facts of the instant case and assuming, for the purpose of this opinion only, that the doctrine of res ipsa loquitur was applicable, it is evident that conflicting inferences might have been drawn from the evidence. For example the evidence discloses that:

(1) Plaintiff had cleaned the lumber which was used to build the "grasshopper skip" (presumably he discarded any pieces which were cracked or otherwise not fit for further use);

(2) From all appearances the skip appeared to be solid and safe;

(3) It had been used on previous occasions by other workmen without having given way; and

(4) In the opinion of one of the witnesses who built the skip it was safe for the purposes for which it was intended.

From these facts the trial judge might have inferred either that:

(a) The inference of negligence arising from the application of the doctrine of res ipsa loquitur had been overcome by the evidence, or

(b) The inference of negligence arising from the application of such doctrine had not been overcome by the evidence.

Therefore, applying rules (1) and (2), *supra,* we find that the evidence was conflicting, and thus we are bound by the trial court's determination that the inference of negligence arising from the application of the doctrine of res ipsa loquitur had been overcome by the evidence, and that there was insufficient evidence to sustain the verdict and judgment thereon.

In view of the conclusions we have reached, it is unnecessary to discuss the other problems presented by counsel.

The order is affirmed.

Moore, P. J., and Wood (W.J.), J., concurred.