[Civ. No. 17469.   Second Dist., Div. One.   Apr. 24, 1950.]

L. L. ROBERTS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Respondents.

William Paul Wood and Franklin W. Peck for Appellant.

Moss, Lyon & Dunn and Henry F. Walker for Respondents.

DORAN, J.—The facts, as stated in appellant's brief are that "On September 25, 1947, plaintiff (appellant) was working as an employee of Robert A. Crowell, a building contractor . . . performing carpenter work on the premises of the Pasadena Main Branch of defendant bank. The complaint alleged that defendants knowingly, negligently or carelessly furnished or caused to be furnished to plaintiff an unsafe folding step-

ladder to be used by him in fitting and working upon a transom on the premises of defendant bank. While plaintiff was using the stepladder one of the front legs or sides, at the juncture thereof with the bottom step, collapsed or gave way causing plaintiff to fall against a concrete floor with great force and violence, thereby causing him to suffer serious and permanent injuries.''

Issues were joined by the answer of defendants denying the allegations of negligence and those relating to the injuries and damages of plaintiff. At the conclusion of plaintiff's case a motion for nonsuit was granted as to certain officials of the defendant bank, but was denied as to the bank and defendant Humphrey, janitor of the Pasadena branch bank. Defendants rested without adducing any evidence, and both parties moved for a directed verdict, which motions were denied. The cause was argued and submitted to a jury which returned a verdict in favor of the defendants. Plaintiff's motions for judgment *non obstante veredicto,* and for a new trial, were denied.

On the present appeal by plaintiff it is contended ''(a) that the verdict and judgment are not supported by the evidence; (b) that the court committed error in denying plaintiff's motion for a directed verdict; (c) that the court committed error in denying plaintiff's motion for judgment notwithstanding the verdict; (d) . . . (and) in denying . . . a new trial; (e) that the court committed error in giving . . . and in failing to give certain instructions . . ..''

As mentioned in respondent's brief, ''Appellant heavily relies upon the doctrine of *res ipsa loquitur* on appeal and contends that thereunder he was entitled to verdict and judgment as a matter of law.'' The record discloses evidence that the Capital Company, not a party to this action, apparently acted as caretaker of the bank premises and that such company employed the defendant Humphrey as janitor and caretaker, Humphrey having worked there for about 20 years. The ladder involved herein, described as a 7-foot stepladder, had been on the premises since 1929. The caretaker testified, ''Well, I've seen it (the ladder) all over the bank,'' but stated, ''I don't know who owns the ladder.'' When produced in court on a subpoena duces tecum, the legs of the ladder appeared to have been sawed off and certain wires and braces to have been affixed thereto since plaintiff's accident. Mr. Humphrey denied making any such alterations and denied knowing who, if any-one, did make the changes in question.

Under date of April 11, 1947, respondent bank, through the Capital Company, contracted with Crowell & Company for the making of certain alterations and building work on the bank premises, and work thereon was commenced about 10 days thereafter. Under this contract the Crowell Company agreed to furnish all labor, materials, etc., together with all necessary implements and appliances required to perform the work Crowell, however, did not provide any ladders; the building superintendent found the 7-foot ladder in the bank basement together with a 6-foot ladder, and made use of the same Plaintiff testified that "we never question anybody about ladder when we are working on a job. If the ladder is the we use it." There was testimony to the effect that prior to accident the ladder appeared to be in good condition and t it was used by all the workmen until the time of plaint accident.

The accident occurred on September 25, 1947, about 2-4 after plaintiff came to work on the bank job. The ladder used by plaintiff Roberts on the day before as w date of the accident, the work in question cons the edge of or the trim around the door jar entrance door. Plaintiff testified to first stand steps of the ladder as it leaned against the w some hammering; that the stepladder was then m opened up; that plaintiff climbed up the ladder work with hammer and chisel, working thus only a before the ladder broke and collapsed. There was that plaintiff weighed 170-175 or 185 pounds at the the accident.

Apparently no one saw the accident actually happe was plaintiff's testimony, however, that "I had my righ on here (top platform of the ladder) and left foot on second—or first step," meaning the "top step of the ladd The right front leg of the ladder near the junction of the low step was broken; it appeared to be a fresh break. As co mented upon in respondent's brief, "There was no testimo as to whether plaintiff did or did not tip the ladder whi attempting to use the hammer and chisel on the transom."

Arguing that the evidence is insufficient to support the verdict and judgment, appellant insists that "The doctrine of res ipsa loquitur is applicable to the facts presented by this case"; that "The unrebutted inference of negligence is fortified and supported by the presumption arising from the failure of defendants to produce the broken part of the ladder, or

explain why it was not produced''; and that ''The inference of negligence . . . created by the rule res ipsa loquitur is in itself evidence which may not be disregarded by the jury and which in the absence of any other evidence as to negligence, necessitates a verdict in favor of the plaintiff.'' It is also claimed that ''Plaintiff made out a prima facie case of negligence . . . independent of the inference created by . . . res ipsa loquitur, which prima facie case defendants have wholly failed to rebut.''

As noted in respondents' brief, ''Neither the doctrine (of res ipsa loquitur) nor the evidence herein *compels* any such conclusion'' in plaintiff's favor. And, ''Under settled principles, the evidence and inferences therefrom must be considered most favorably to respondents.'' The most that can here be said is that the res ipsa loquitur doctrine was presented to the jury by what appellant's brief denominates ''appropriate instructions''; that plaintiff presented all available evidence on the subject of alleged negligence, and that from such evidence the jury found in favor of the defendants.

In the language of *Ybarra* v. *Spangard,* 25 Cal.2d 486, 489 [154 P.2d 687, 162 A.L.R. 1258], ''The doctrine of res ipsa loquitur has three conditions: 'the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (Prosser, Torts, p. 295.)'' It was for the jury to determine whether or not the showing made by plaintiff in respect to these elements was sufficient.

The record discloses evidence from which the jury might draw the conclusion that the instrumentality herein, namely the stepladder, was not ''in the exclusive control of the defendants'' at the time of the accident, but was actually in the control of the building contractor and his employees of which plaintiff was one. There was, for example, evidence that for more than five months the ladder was being used by such employees in carrying on the work at the bank. As noted in the Ybarra case cited above, the matter of ''exclusive control'' in the defendant is one of the necessary elements of the res ipsa loquitur doctrine. If the jury is not satisfied as to the existence of such element, the doctrine can be of no assistance to the plaintiff.

The same may be said in respect to the third condition to which the res ipsa loquitur rule is subject, namely, that the accident "must not have been due to any voluntary action or contribution on the part of the plaintiff." As mentioned in respondents' brief, there is evidence that "plaintiff first leaned the ladder against the wall and placed his 170-185 pounds on it while hammering. In doing so he may well have cracked the lower right front leg of the ladder. Thereafter he opened the ladder and climbed to the top where he engaged in using hammer and chisel. He may have tipped the ladder at this time." In this state of the evidence and inferences therefrom, which, under the usual rule must be considered most favorably to respondents, it cannot be said that the jury was "compelled" to find for the plaintiff, either under the res ipsa loquitur rule or otherwise.

The appellant appears to rely heavily on the case of *Biondini* v. *Amship Corp.*, 81 Cal.App.2d 751 [185 P.2d 94]. The action therein was for injuries to an employee of a subcontractor who fell from a scaffold attached to a ship from which plaintiff was removing debris. The appellate court held that a nonsuit was improperly granted as to employees of the general contractor, there being evidence of negligence in reference to inspection of the scaffold. If plaintiff could be deemed an invitee, rather than a licensee, the reviewing court concluded that "the doctrine of res ipsa loquitur is applicable to a factual situation involving injury from the collapse of a scaffold." However, as pointed out in respondents' brief, "It was not held that plaintiff was entitled to any judgment against either defendant as a matter of law." Moreover, the factual situations in the Biondini case and in the present litigation were entirely dissimilar. And what the plaintiff was demanding in the Biondini case, namely,—a submission of the case to the jury,—was exactly what the trial court did in the instant case.

In support of appellant's contention that the situation "demanded" a verdict for plaintiff, it is argued in appellant's brief that "The unrebutted inference of negligence is fortified and supported by the presumption arising from the failure of defendants to produce the broken part of the ladder, or to explain why it was not produced." As hereinbefore stated, when the ladder was produced at the trial, the legs appeared to have been sawed off and wire and braces affixed to strengthen it. However, the caretaker denied making such alterations and there was no proof as to who had done so. The facts in reference to such matter were laid before the jury which had

before it the ladder itself. If inferences were to be drawn from this alleged suppression and alteration of evidence, such were for the jury to consider along with the other evidence presented.

A further point is made in appellant's brief that the respondents did not introduce any evidence whatever but submitted the case at the conclusion of plaintiff's proof; hence, that "the inference of negligence arising from the application of the doctrine of res ipsa loquitur, fortified and supported by the presumption adverted to above (suppression of the broken parts of the ladder), is wholly unrebutted and that accordingly the evidence is not sufficient to support the verdict and judgment in favor of defendants.''

"The respondents suggest, however, that "This argument comes with but poor grace from one who called all available witnesses and hence rendered it unnecessary for respondents to put on any additional evidence after plaintiff had rested.'' The record indicates that these witnesses were duly cross-examined by respondents; the ladder was described as appearing to be in good condition at all times; there was evidence that the break in the leg of the ladder was a fresh break. Obviously it is quite immaterial whether plaintiff or defendants produced the evidence; whoever presented it, the evidence was before the jury whose province it was to determine weight and credibility thereof. This is as true in a case involving the res ipsa loquitur doctrine or other inferences, as in any other case.

Plaintiff's motions for a directed verdict, judgment notwithstanding the verdict, and for a new trial, all involve the same proposition and question the sufficiency of the evidence to sustain the verdict. As hereinbefore indicated, this was a question for the jury. No reversible error has been made apparent either in respect to the jury instructions given or refused, or otherwise.

The judgment and order appealed from are affirmed.

White, P. J., and Drapeau, J., concurred.