[Civ. No. 3993.   Fourth Dist.   July 11, 1951.]

ROBERT S. VALENTINE, Appellant, v. MARCO RATNER et al., Respondents.

Vernon F. Bennett for Appellant.

Frank Pomeranz and A. T. Procopio for Respondents.

MUSSELL, J.—In this action for damages caused by fire it was alleged that on or about June 6, 1944, defendants were negligent in the installation and repair of electrical wiring connected with plaintiff's photographic studio and place of business in the Knickerbocker Hotel Building in San Diego; that defendants caused a fire therein and damage to his equipment and supplies by turning the electrical current into the wiring leading to plaintiff's place of business. Trial was had without a jury and judgment was entered for defendants.

The claimed irregularities relied upon by plaintiff for a reversal of the judgment are that the trial court, in effect, warned defendants' counsel not to put on evidence; that plaintiff was denied an opportunity to reopen his case; and that defendants' cost bill was not filed in time.

In November, 1942, plaintiff purchased and installed a small electric hot plate or stove on a wood counter covered with linoleum in the darkroom at the rear of his shop. The plate had no switch with which it could be turned on or off. When in use, it was plugged directly into an outlet and in order to turn off the electricity, it was necessary to pull the plug and disconnect the plate. The sole purpose of the hot plate was to warm water in a two-gallon bucket for use in mixing chemicals. On June 6, 1944, plaintiff came to his shop about 6 o'clock a. m. and plugged in the electric plate to heat the water. At about 9:30 a. m. defendant Spatz,

who was an electrician, informed plaintiff that they were doing some electrical work for the hotel and were going to cut off plaintiff's electric service. About 2 o'clock in the afternooon plaintiff locked his shop and left for lunch, leaving the electric plate plugged in to the outlet. He returned about an hour later and found that a fire had occurred in his shop, damaging his equipment.

A deputy fire marshal, called as plaintiff's witness, testified that the hot plate was not properly insulated from the combustible surface on which it stood and that it and its location on the counter presented a fire hazard. He testified that the fire originated in the immediate vicinity of the electric hot plate; that the plate was sitting on the heaviest charred portion of the table and said: "I think the electric heater set the wood bench afire."

Plaintiff kept inflammable materials on the premises in the vicinity of the hot plate. Photographic chemicals were stored in a counter 4 to 6 feet from the hot plate and photographic film was stored on shelves immediately above the counter on which the hot plate was maintained.

Plaintiff attempted to show that the defendants Spatz and Frank, electricians, while making repairs to the building's 110-220 volt alternating current switchboard, introduced into the wiring to plaintiff's shop a 220 volt current instead of 110 volts, thereby causing the fire. However, plaintiff's own witnesses testified that the work on the 110-220 volt alternating current switchboard, as distinguished from the 500 volt direct current switchboard controlling the elevator supply, was performed one to two days prior to the day of the fire and that the only work done on June 6, 1944, was on the 500 volt direct current switchboard.

An electrical inspector for the city of San Diego, also called as plaintiff's witness, testified that if an installing electrician introduced 220 volts into the 110 volt lines, he would know instantly by the sound of the meter that something was wrong and would pull the switch, turning the current off; that when greater voltage is applied than a circuit will carry, either the element of a light fixture or the fuse will burn out.

Another electrician called by plaintiff testified that if 220 volts had been supplied to plaintiff's hot plate, which could accommodate only 110 volts, and if there was a bucket of water on top of the hot plate, the wire heating element of the unit would buckle, touch the bottom of the bucket

and the current would cut off, and that if 220 volts were sent through a 110 meter, it would explode.

The trial court found that there was no negligence on the part of any of the defendants and "That on the 6th day of June, 1944, the fire was caused to be started in the place of business of the plaintiff by the plaintiff's own negligence in the plaintiff then and there leaving therein an unattended electric hot plate, then and there connected to the electrical current, which caused the fire complained of; that by reason of plaintiff's said negligence and as a proximate result thereof, he suffered damages in an undetermined amount."

While plaintiff does not specifically urge insufficiency of the evidence to sustain the verdict as a ground for reversal, in his opening brief, he relies on the doctrine of res ipsa loquitur. The evidence is sufficient to support the finding of the court that the fire was not occasioned by the negligence of any of the defendants, and, as was said in *Roberts* v. *Bank of America,* 97 Cal.App.2d 133, 137 [217 P.2d 129]:

" 'The doctrine of res ipsa loquitur has three conditions: "the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (Prosser, Torts, p. 295)' It was for the jury to determine whether or not the showing made by plaintiff in respect to these elements was sufficient."

The defendants had no control over the plaintiff's photographic shop or his electrical stove and it is apparent from plaintiff's own evidence that the fire originated underneath the heater which was installed by him and which he, himself, turned on and negligently failed to disconnect. It is also apparent from the evidence that the plaintiff failed to prove that on the day of the fire a 220 volt current was introduced into the wires leading into plaintiff's premises. Even if the doctrine of res ipsa loquitur was applicable, it would raise merely an inference of negligence, which may be overcome by other evidence in the case.

As was said in *Holt* v. *Henry,* 58 Cal.App.2d 168, 171 [136 P.2d 97]:

"It is for the trier of fact to determine from all the evidence in the case whether the inference of negligence arising

from the application of the doctrine of res ipsa loquitur has been met and rebutted.''

Since the question of negligence is one of fact, the trial court's conclusion may not be disturbed on appeal. The trial of this action consumed five full days, during which plaintiff called a total of fifteen witnesses, including three experts, in an effort to prove his case. At the conclusion of the plaintiff's case, a motion for a nonsuit was made and denied and some discussion took place between the court and counsel as to the necessity of the introduction of certain evidence on the part of the defendants. Counsel for defendants, in response to the questions from the court, gave the names of witnesses which he intended to have testify and the substance of their purported testimony. The court then said "You are letting yourself in for something, Mr. Procopio." This statement made by the court is claimed by plaintiff to be prejudicially erroneous. This contention is entirely without merit. The record discloses that the trial was conducted by the court in an impartial manner and considerable latitude was allowed plaintiff in the presentation of his case. The remark does not indicate, as plaintiff claims, that the trial court prejudged the testimony of defendants' witnesses or the evidence presented by the plaintiff. In view of the entire record, it is apparent that the trial court desired to shorten the time consumed by the trial and his remarks were in no way prejudicial to the rights of the plaintiff.

It is next claimed that the court improperly denied plaintiff an opportunity to reopen his case after having announced that he had rested. Plaintiff apparently desired to present further expert testimony as to the "performance characteristics of electrical appliances and currents," in an effort to apply the principle of res ipsa loquitur. He states in his brief:

"It is here recognized that expert testimony and scientific tests are not conclusive on the trial court. It is not urged that had the testimony been allowed that the court would necessarily have had to find for the plaintiff. The plea is, merely, that plaintiff should have been given the opportunity to present his proof which was crucial in this action which was unusually difficult of proof."

Plaintiff called three expert witnesses upon the subject and had ample opportunity to prove his contentions and the trial court gave him ample and reasonable opportunity to prove

his case. ■ · As was said in *Kan* v. *Tsang,* 90 Cal.App.2d 538, 542 [203 P.2d 86] :

"It is not an abuse of discretion to refuse to set aside a submission for the taking of further testimony unless a good excuse is offered for the failure to produce the testimony before submission."

■ Finally, plaintiff argues that the defendants' cost bill was not filed in time. It appears from the record that notice of entry of judgment was signed by the attorney for defendants Schulman and Neumann on April 14, 1949, and filed with the clerk of the court on the same day. Thereafter, on April 18, 1949, the cost bill was served upon plaintiff's attorney and filed with the clerk of the court on the same day. The cost bill was filed within the time allowed by law. (*Miller* v. *California Roofing Co.,* 55 Cal.App.2d 136, 146-147 [130 P.2d 740].)

The judgment and the order denying the motion to strike the cost bill are affirmed.

Barnard, P. J., and Griffin, J., concurred.