[Civ. No. 4522. Fourth Dist. July 8, 1953.]

THE HARDWARE MUTUAL INSURANCE COMPANY OF MINNESOTA (a Corporation), Respondent, v. ROBERT VALENTINE et al., Appellants.

Vernon F. Bennett for Appellants.

Hensley & Bledsoe and Huntington P. Bledsoe for Respondent.

MUSSELL, J.—This is an appeal by defendants from a judgment rendered upon a motion made by plaintiff upon the grounds that all the material issues in the case had been finally and conclusively determined in another action and that there were no issues undetermined or left to be tried.

There is no dispute as to the facts, which are substantially as follows: Plaintiff is an insurance carrier and had a policy of fire insurance on a building known as the Knickerbocker Hotel in San Diego. Defendant Valentine was a tenant occupying a portion of said building and conducting a photographic studio therein. On June 6, 1944, a fire occurred in the studio and damaged the building and property therein belonging to Valentine. The plaintiff paid the sum of $2,878.56 to Schulman and others, owners, for the damage to the building and then, as subrogee of the policyholders, commenced this action on September 28, 1946, to recover the

loss alleged to have been caused by the negligence of Valentine. Defendant Robert Valentine answered with a general denial and the cause was set for trial on April 1, 1947. A continuance was had due to the illness of counsel for plaintiff, and on June 4, 1947, defendants' present counsel filed a separate action on behalf of Valentine against an electrical firm and its agents, alleging that the fire in question was caused by their negligence in repairing the electrical system of the building damaged by the fire. Damages allegedly caused to Valentine's own personal property by the fire were sought in that action. Summons was not served upon any defendant until after the three-year limitation set forth in section 338 of the Code of Civil Procedure had run. No attempt to file a cross-complaint or bring in new parties to the previous action filed by the insurance company was made by Valentine. Answers denying the allegations of Valentine's complaint were filed by the defendant repairmen who were named and served with summons and the case was set for trial on March 17, 1949. A month or so before the trial date Valentine served his complaint upon his landlord, Schulman, and one other owner of the building as fictitious and unknown John Doe defendants. The owners answered, denying negligence on their part and affirmatively alleged that the fire in question was caused solely by Valentine's own negligence. Issue was joined concerning the cause of the fire, trial was had and judgment was rendered against Valentine on April 8, 1949.

The trial court in that action found that there was no negligence upon the part of any of the defendants; that Schulman and the other owners of the building were not the principals or employers of the electrical repair firm and that the fire was caused by Valentine's own negligence in leaving an electrical hot plate unattended. Valentine appealed from the judgment rendered against him and it was affirmed by this court on July 11, 1951. (*Valentine* v. *Ratner*, 105 Cal.App.2d 358 [233 P.2d 667].)

On October 11, 1949, Valentine, after obtaining leave of court, filed a supplemental answer in the instant case in which he alleged that he was a tenant in possession of the real property damaged on the day of the fire; that plaintiff (respondent herein) had insured the owners of the real property against loss caused by said fire and that under the terms of plaintiff's policy of insurance with the owners, the plaintiff "was subrogated to whatever rights, claims or demands" the

owners might have against plaintiff to the extent of any payment made by it to the owners for damage resulting from said fire; that plaintiff "paid to said owners of said Knickerbocker Hotel building the sum of $2,878.56 for the damage to said Knickerbocker Hotel premises"; that on July 7, 1944, the said owners for and in consideration of the payment to them of the "amount of the loss hereinbefore mentioned" assigned the claims to plaintiff. It was then alleged that on June 4, 1947, Valentine brought an action against the electrical repair firm and others to recover damages for losses sustained by him in said fire; that the owners of the building failed in that action to ask for any affirmative relief by way of set-off, counterclaim or cross-complaint; that said action was tried and decided adversely to Valentine and that a copy of the findings and judgment were attached to the answer. It was then alleged that plaintiff insurance company had knowledge of the bringing of said action and. purposely awaited the outcome of the trial therein and neglected to have the two actions consolidated. (It should be here noted that the insurance company was not named in the suit brought by Valentine and was not served with summons in said action.) It was further alleged that by reason of the neglect of the owners to ask for affirmative relief in the Valentine action, to intervene therein, or to consolidate it with the insurance company action, plaintiff is estopped and barred from proceeding further with its action.

On October 18, 1949, Valentine filed and served upon plaintiff insurance company a document entitled "Notice of motion for continuance pending appeal of case involving similar issues." The notice stated that Valentine would move for a continuance of the instant action until the final determination of his suit on the ground that the issues presented in his action "are identical" with those presented in the instant case and as to those issues the judgment in his action "when the same shall become final, if affirmed, will be res judicata in the above entitled cause." It was stated in Valentine's affidavit filed therewith "that if the judgment in action No. 140586 (*Valentine* v. *Ratner*) in the above entitled court is affirmed upon said appeal, that said judgment will be res judicata of the issues involved in the action brought by plaintiff against affiant." It was further stated in the affidavit that the continuance was sought "to avoid a multiplicity of actions." The trial court granted a continuance and by reason thereof the instant action remained off

calendar awaiting a decision of Valentine's appeal. The remittitur therein was filed on September 13, 1951.

 On September 25, 1951, plaintiff insurance company filed a motion in the instant action for judgment in favor of plaintiff and against Valentine, as prayed for in the complaint. The motion was made on the ground that all the issues in the instant case had been determined in the *Valentine* v. *Ratner* action and that the judgment therein is final and conclusive. The motion was based upon all of the records, files and pleadings in the action and on the affidavit of counsel for plaintiff. This affidavit sets forth the proceedings had in both cases and refers to the various pleadings, affidavits and motions filed and the judgment entered in the Valentine case. It is stated therein that there are no issues undetermined in the instant action or left to be tried. Valentine did not file an affidavit or affidavits in opposition to this motion to show such facts as might be deemed by the trial court hearing the motion sufficient to present a triable issue of fact. Under these circumstances, the judgment on plaintiff's motion for summary judgment was properly granted. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244].)

On November 28, 1951, Valentine filed a motion for dismissal of the instant action on the grounds that plaintiff and its assignees failed to set up their claim in the Valentine-Ratner action; that plaintiff is now barred from proceeding further with its action and that it shoud be dismissed. Both motions were fully argued. The trial court denied Valentine's motion for dismissal and granted plaintiff's motion for judgment and this appeal followed.

 Appellant first argues that because respondent insurance company failed to set up its cause of action in the Valentine suit it is barred and estopped from maintaining its action against Valentine. In this connection appellant cites section 439 of the Code of Civil Procedure, which is as follows:

"If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

This contention is without merit. The instant action was filed long before the Valentine case and the principal issues in the instant action were whether the fire and damage were

caused by Valentine's own negligence, the amount of damage caused to the property of plaintiff's assignors and the amount paid by plaintiff therefor.

Defendant's answer contained a general denial and the cause was at issue. Defendant then, in an effort to collect damages against the electrical repairmen and the owners of the property, filed an independent action against them. He did not file a cross-complaint in the instant action or seek to have the two actions consolidated for trial. Furthermore, he did not name plaintiff herein as a defendant in that action or serve the owners of the property or any defendant until the three-year limitation provided for in section 338 of the Code of Civil Procedure had run. Valentine could not by the filing of his action divest the trial court of its jurisdiction to proceed in the instant case. The insurance company's cause of action was fully set forth in the first complaint filed. Summons was served on Valentine and the court then acquired jurisdiction over the whole litigation with full power to bring in all necessary parties and make a complete adjudication of the entire controversy, and this jurisdiction was retained by the trial court. (*Gorman* v. *Superior Court*, 23 Cal.App.2d 173, 177 [72 P.2d 774].) ██ Section 439 of the Code of Civil Procedure is not applicable where, as here, respondent's claim was fully set forth in the first complaint filed. The section plainly refers to a situation when a defendant omits to set up a counterclaim in an action theretofore filed and in that event he cannot *afterwards* maintain an action against the plaintiff therefor.

After Valentine's action had been determined adversely to his contentions and the trial court on April 8, 1949, had found and determined that the damage caused by said fire was the result of Valentine's own negligence, he then obtained permission to file a supplemental answer in the instant action, setting forth the findings and judgment against him and claimed therein that plaintiff was barred from proceeding further in the instant action. In this connection Valentine alleged that the insurance company had paid the owners of the building the sum of $2,878.56 for damage to the hotel building; that the "amount of loss" had been paid to them.

██ It is apparent that Valentine was bound by the judgment rendered against him in his independent suit. The question of his negligence in connection with the fire and damage resulting therefrom was adjudicated as shown by his supplemental answer. He admitted the amount of plain-

tiff's loss. When plaintiff herein filed its motion for judgment there were no issues undetermined in the action and the motion was properly granted.

Valentine argues that plaintiff insurance company split its cause of action by failing to file its claim in the second suit. This argument is without merit. However, it might well be applied to Valentine who was not content to try all issues in the original action and who, in effect, has sought to split his cause of action.

Valentine, having procured a continuance of the instant action until the determination of his subsequently filed suit against the electrical repairmen on the ground that his action would be res judicata in the case at bar is estopped from denying that the doctrine should apply to him. (*Bank of America* v. *Mantz*, 4 Cal.2d 322, 327 [49 P.2d 279].) He appeared as a defendant in the instant action and as plaintiff in the subsequent suit in which the same rights were litigated.

As was said in *Bernhard* v. *Bank of America*, 19 Cal.2d 807, 814 [122 P.2d 892] : " 'Where a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other.' "

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.