## RINGLE v. TRANSCONTINENTAL & WESTERN AIR, Inc.

### No. 6490.

United States District Court
W. D. Missouri, W. D.
July 27, 1953.

898

Fred J. Freel, Kansas City, Mo., for plaintiff.

Ruby D. Garrett and Harold L. Warner, Jr., Kansas City, Mo., for defendant.

DUNCAN, District Judge.

Plaintiff instituted this suit against the defendant to recover damages for alleged wrongful discharge as a mechanic in the employ of the defendant. The court's jurisdiction is based upon §§ 151–188 Title 45 U.S.C.A.—the Railroad Labor Act—and a collective bargaining agreement executed under the provisions of the above Act, with the International Association of Machinists, and the defendant has filed a Motion for Summary Judgment.

The contract is lengthy, covering practically all phases of employment, employer and employee relationship, separation from service, and all pertinent parts of said contract are set out in plaintiff's complaint, and made a part thereof.

Plaintiff alleges that although he was not a member of the International Association of Machinists, his employment was governed by, and that he was subject to, the provisions of the contract, and that under and by virtue of its terms, he was entitled to certain employment rights, of which he could not be deprived by the defendant without just cause and reason, and without complying with the terms of the contract. Article XI(b)(10) of the contract provides:

"No employee who has been in the service of the Company ninety (90) days or more shall be discharged without a fair hearing before a designated representative of the Company other than the one bringing complaint against the employee. Suspension from the service of the Company pending a hearing, which shall be prompt, shall not be deemed a violation of this rule. At a reasonable time prior to the hearing, such employee and his duly authorized representative will be apprised, in writing, of the precise charge and given a reasonable opportunity to secure the presence of necessary witnesses. If a stenographic report of the investigation is taken, the Union Committee or representative will be furnished a copy. A written decision will be issued within five (5) work days after the close of such hearing. If the decision is not satisfactory, then appeal may be made in accordance with the procedure prescribed in Step 3."

Plaintiff further claims that on November 20, 1949 he was wrongfully and unlawfully discharged for an alleged abuse of the sick leave provision of the contract, as set forth in paragraph 3 thereof; that he was not given a fair and proper hearing under the terms of the contract, was not notified in writing of the precise charges against him, and was not given a reasonable opportunity to secure the presence of witnesses at a hearing prior to the time of his discharge.

The defendant denies liability on the ground that the complainant did not ex-

haust his contract remedies in the manner provided by the contract, particularly with respect to the procedure prescribed in Step 3. While Step 3 is not set out in the complaint, it appears in the contract which is referred to in the complaint, and which was marked as an exhibit in the pretrial conference, and is as follows:

"If the decision in Step 2 or 2B is not satisfactory, then appeal may be made by the System General Chairman to the Chief Operating Officer of the Company or his authorized representative. Notice of intent to appeal will be in writing and must be made within ten (10) work days after the decision in Step 2 (Step 2 provides for reference to the company's Industrial Relations Manager or his designated representative for the region) or 2B, and the actual appeal must be perfected and submitted within thirty (30) days from date of original notice. The decision in Step 3 must be given within ten (10) work days after presentation of the grievance in the third step."

Admittedly the plaintiff was given a hearing, the result of the hearing was unfavorable to him and he did not thereafter perfect his appeal, as required by the contract.

If the contract of employment was a Missouri contract, the issue determined in Transcontinental & Western Air, Inc., v. Koppal, 345 U.S. 653, 73 S.Ct. 906, is decisive of the issue here. The issue involved in the Koppal case was the question of whether or not the contract requirements must be complied with before any suit could be brought, and was decided adversely to the complainant by the Supreme Court.

It was the court's understanding that the question involved in this case was identical with the one raised in the Koppal case, but the plaintiff now contends in his Memorandum in Opposition to the Motion for Summary Judgment that his contract of employment was not a Missouri contract, as was admitted in the Koppal case, and that therefore, the opinion in that case is not decisive of the issue here.

In his brief plaintiff contends that he was employed in the State of California,

and assigned to duty in the office of the defendant in Kansas City, Kansas; that none of his services were ever performed in the State of Missouri, and that in this respect, this case differs from the Koppal case.

On the contrary, defendant in its answers to interrogatories propounded to it by the plaintiff says that he was employed in Kansas City, Missouri, from 1942 to 1947, with the exception of a period of time during which he was in military service.

Plaintiff also contends in his brief that he is not bound by the terms of the machinists' contract, and for that reason also, the decision in the Koppal case does not apply here. The trouble with plaintiff's position in that respect is that he bases his whole right of recovery upon a violation of that very contract.

If it is a California contract, the law of that state requires, just as it does in Missouri, that he exhaust his contract remedies. The question seems to have been before the court in Wallace v. Southern Pacific Co., D.C., 106 F.Supp. 742, where at loc. cit. 745 the court said:

"Compliance by plaintiff with the provisions of Article 58 (as modified by the Agreed-to Interpretation) of the applicable collective bargaining agreement was a condition precedent to the assertion by him of any claim or grievance arising from his dismissal on January 23, 1946, or from the proceedings leading thereto. Plaintiff having failed to comply with such provisions is barred from asserting any such grievance, i. e., claim that he was discharged in violation of the terms of the collective bargaining agreement; and any and all rights or claims which he may have had as a result of such dismissal expired and ceased to exist when he failed to comply with such provisions. Plaintiff's grievance was not presented within the time therein provided."

If the contract of employment was a Kansas contract, he has no cause of action because the courts of that state have held that a collective bargaining agreement

does not give any right of action to one who is discharged, unless there is a special provision in the collective bargaining agreement to show that the employee had agreed to be specially bound. Therefore, in the absence of this special contract, an employee may be discharged at will for any cause. Swart v. Huston, 154 Kan. 182, 117 P.2d 576.

It would seem therefore, that, giving plaintiff the benefit of every theory, i. e., whether it is a Missouri, California or Kansas contract, he is not entitled to recover under the law.

There seems to be no genuine issue of any material fact and the Motion for Summary Judgment is therefore hereby sustained.

It is therefore ordered, adjudged and decreed by the court that the plaintiff take nothing by his suit, and that the defendant have and recover of the plaintiff, its costs herein expended.