[Civ. No. 20325.   Second Dist., Div. Two.   Dec. 15, 1954.]

GLADYS S. CONE, Appellant, v. UNION OIL COMPANY OF CALIFORNIA, Respondent.

Thomas D. Griffin for Appellant.

L. A. Gibbons, Douglas C. Gregg, A. Andrew Hauk, Sheldon C. Houts, and Ball, Hunt & Hart for Respondent.

FOX, J.—This is an appeal by plaintiff from a summary judgment in favor of the defendant Union Oil Company.

Plaintiff seeks to recover damages for the alleged violation by the defendant of a collective bargaining agreement between the company and Local No. 128, Oil Workers International Union, C.I.O. Plaintiff claims that the company breached certain agreements settling a strike that began in September, 1948, and ended on January 10, 1949. She alleges that the company's breach consists of failing to employ her in accordance with the terms and conditions of this agreement and of employing others having less seniority than she had in job openings for which she could qualify. Plaintiff bases her suit on Exhibit A to the complaint, which is the strike settlement agreement with an addendum thereto. Plaintiff prays for wages allegedly accrued from January 10, 1949, to the date of filing her complaint and in addition for prospective loss of wages.

The company, in its answer, denies liability and alleges that it has scrupulously abided by all the terms and conditions

of the strike settlement. The company also alleges that Exhibit A to plaintiff's complaint does not contain all of the addenda which were a part of the strike settlement agreement of January 10, 1949. The company also pleads that the failure of the plaintiff to perform certain conditions precedent in the strike settlement agreement and addenda bars the maintenance of this action.

Defendant moved for summary judgment. In support of the motion it submitted the affidavit of Kenneth E. Kingman, its vice president, who conducted all negotiations with the union at all times involved herein. The Kingman affidavit discloses that:

1. The collective bargaining agreement upon which plaintiff seeks recovery consists of the strike settlement agreement dated January 9, 1949 (effective January 10th), and three separate addenda thereto, all of which are attached as exhibits to the affidavit.

2. By agreement between the union, of which plaintiff was a member and which was authorized to represent her as her collective bargaining agent, and the company the grievance procedures set up in article VII of the prior collective bargaining agreement between the parties dated March 4, 1946, were incorporated in the strike settlement agreement for use in settling disputes.

3. These grievance procedures consisted of seven detailed and specific steps, from initiation of the grievance to final arbitration in the event settlement of the dispute should not be effected or decision rendered in the intermediate steps.

4. Plaintiff initiated grievance No. 13, raising the identical matters set forth in her complaint herein, and the grievance procedure was pursued through the first six steps.

5. Step seven of the grievance procedure provided as follows: "If the grievance is not decided by the procedure in paragraph 6 above, the representatives above mentioned shall stipulate the issues to be decided by an arbiter. The two representatives shall select a third person agreeable to both parties to decide the dispute. Should the two representatives fail to agree on a third party within seven (7) days then either party shall have the right to request the conciliation service of the U. S. Department of Labor to assign a third party to act as arbiter. The decision of the arbiter shall be final and binding upon both the Company and the Union. In no case shall the decision of an arbiter change or modify the terms of this agreement. The expense and compensation

of the arbiter shall be shared equally by the Company and the Union.''

6. Although the grievance was not settled or decided in the first six steps, neither plaintiff nor the union on her behalf requested the selection of a third arbiter to decide the dispute, nor did plaintiff or the union on her behalf request the conciliation service of the United States Department of Labor to assign a third party to act as arbiter.

7. Plaintiff, and the union on her behalf, failed and neglected to exhaust the grievance procedures incorporated in the strike settlement agreement, and particularly those contained in said article VII of the 1946 collective bargaining agreement, in that plaintiff, and the union on her behalf, failed and neglected to pursue or utilize the seventh step in these grievance procedures. Furthermore, at no time did she, or the union on her behalf, present or submit to defendant any other grievance arising out of the application to her of any of the terms or provisions of the strike settlement agreement.

8. An additional procedure for the settlement of grievances, based upon the application of paragraphs 9 and 10 of the strike settlement agreement, was provided in paragraph 13 of that document, namely, reference of complaints to a special union-management committee, but at no time did plaintiff or the union, on her behalf, refer any complaint to this special committee.

9. Finally, at no time did the defendant ever fail, refuse or neglect to cooperate with plaintiff, or the union, with respect to exhausting, pursuing, continuing or complying with the grievance and arbitration procedures.

Plaintiff does not allege in her complaint that she ever made any demand on the union to exhaust, pursue or continue with the arbitration of said grievance, or any other grievance, on her behalf, either pursuant to the grievance and arbitration procedure provided in article VII of the 1946 agreement, or pursuant to the additional grievance procedure provided in paragraph 13 of the strike settlement agreement. Neither does she allege in her complaint that the defendant has refused to pursue or comply with the aforesaid grievance and arbitration procedures, nor does she charge that the company has ever failed, refused or neglected to cooperate with her or with the union in the pursuit or continuance of said grievance and arbitration procedures.

Plaintiff did not file any counteraffidavit, nor was any such affidavit filed on her behalf.

It is thus undisputed that plaintiff and the union on her behalf have failed and neglected to pursue and exhaust the remedies given by the collective bargaining agreement, namely, the grievance and arbitration procedures provided therein, and that the company was in no way in default or at fault in this regard.

The obvious purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. (*Kelly* v. *Liddicoat,* 35 Cal. App.2d 559, 561, 562 [96 P.2d 186].)

Section 437c, Code of Civil Procedure, provides, *inter alia,* that if it is claimed that an action has no merit the defendant may, upon proper notice, make a motion, supported by an affidavit of any person having knowledge of the facts, that the complaint be dismissed and judgment entered. The plaintiff, however, ''by affidavit or affidavits, shall show . . . such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.'' If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. (*Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244].) It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed. (*Kimber* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242]; *Poochigian* v. *Layne,* 120 Cal.App.2d 757, 760 [261 P.2d 738].)

Since plaintiff failed to file any affidavit in opposition to the affidavit filed on behalf of the defendant, the court was entitled to accept as true the facts therein stated, which were within the personal knowledge of the affiant and to which the affiant could competently testify. (*Coyne* v. *Krempels, supra,* pp. 261-262; see *Holland* v. *Lansdowne-Moody Co.,* (Tex.Civ.App.) 269 S.W.2d 478, 481.) Plaintiff urges, however, that the pleadings herein raise particular

issues of fact which preclude the granting of a motion for summary judgment. Plaintiff has fallen into the error of relying on her complaint as a means of disputing the affidavit filed on behalf of defendant. ■ The fallacy of this position is demonstrated in *Coyne* v. *Krempels, supra,* and *Hardware Mut. Ins. Co.* v. *Valentine,* 119 Cal.App.2d 125, 129 [259 P.2d 70], which lay down the rule that the failure to file counteraffidavits cannot be remedied by resort to the pleadings. As pointed out in the careful analysis of this question in the Coyne case, the sufficiency of the allegations of a complaint do not determine the motion for a summary judgment. Rather, it must be determined from the affidavits whether there exists a genuine issue as to any material fact. Often there is no genuine issue of fact, although such an issue is raised by the formal pleadings. Absent a genuine issue of fact as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render a summary judgment. ■ The sole question then is, is the defendant entitled to a summary judgment on the basis of the undisputed facts in the affidavit it filed in support of its motion? This question must be answered in the affirmative.

As appears from the above facts, the correlative rights and obligations of the parties are governed by the strike settlement agreement and addenda which incorporated the grievance and arbitration procedures of Article VII of the prior collective bargaining agreement dated March 4, 1946. Plaintiff, and the union as her collective bargaining agent, have admittedly failed to complete and exhaust such grievance and arbitration procedures. She is therefore precluded from maintaining the present action. ■ It is the general rule that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust these internal remedies before resorting to the courts in the absence of facts which would excuse him from pursuing such remedies. (*Barker* v. *Southern Pac. Co.,* (9th Cir.) 214 F.2d 918; *Wallace* v. *Southern Pac. Co.,* 106 F.Supp. 742 (N.D. Calif.); *Buberl* v. *Southern Pac. Co.,* 94 F.Supp. 11 (N.D. Calif.); *Ringle* v. *Transcontinental & Western Air, Inc.,* 113 F.Supp. 897, 899; *Transcontinental & Western Air, Inc.* v. *Koppal,* 345 U.S. 653 [73 S.Ct. 906, 97 L.Ed. 1325]; *Reed* v. *St. Louis S.W.R. Co.,* (Mo.App.) 95 S.W.2d 887; *Glass* v. *Hoblitzelle,* (Tex.Civ.App.) 83 S.W.2d 796; *In the Matter of*

*Consolidated Aircraft Corp.*, 47 N.L.R.B. 694, 705-706; 31 Am. Jur., Labor, p. 881, § 123.) This rule, which is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts (2 Cal.Jur. 2d 304, § 184), is based on a practical approach to the myriad problems, complaints and grievances that arise under a collective bargaining' agreement. It makes possible the 'settlement of such matters by a simple, expeditious and inexpensive procedure, and by persons who, generally, are intimately familiar therewith. (*Utah Const. Co.* v. *Western Pac. R. Co.*, 174 Cal. 156, 159 [162 P. 631].) The use of these internal remedies for the adjustment of grievances is designed not only to promote settlement thereof but also to foster more harmonious employee-employer relations. (*Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667, 671 [220 P.2d 973].) Such procedures, which have been worked out and adopted by the parties themselves, must be pursued to their conclusion before judicial action may be instituted unless circumstances exist which would excuse the failure to follow through with the contract remedies. (*Barker* v. *Southern Pac. Co.*, *supra*; *Wallace* v. *Southern Pac. Co.*, *supra*; *Buberl* v. *Southern Pac. Co.*, *supra*; *Transcontinental & Western Air, Inc.* v. *Koppal*, *supra*; *Reed* v. *St. Louis S.W.R. Co.*, *supra*.)  In the instant case, plaintiff gives no facts or reasons for her failure to follow through the agreed procedure for settling her grievance. There is no denial that the matters involved in her grievance No. 13 are the same and identical with the matters which form the basis of her complaint in this suit. An examination of Kingman's affidavit discloses that he had been in charge of and personally conducted all negotiations with the union on behalf of the company during all the times mentioned in his affidavit. He thus made a sufficient showing of his competency to testify to the facts stated therein.

The trial court, correctly applying the law to the uncontroverted facts before it, properly granted defendant's motion for summary judgment. (*Coyne* v. *Krempels*, 36 Cal. 2d 257, 263 [223 P.2d 244]; *Hardware Mut. Ins. Co.* v. *Valentine*, 119 Cal.App.2d 125, 129 [259 P.2d 70].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.