[Civ. No. 3180. First Appellate District, Division One.—April 6, 1920.]

HENRY MILLIKEN, Respondent, v. ALVINA VALENCIA et al., Appellants.

[1] QUIETING TITLE—OWNERSHIP OF INTEREST IN TRUST—PLEADING—PROOF.—In an action to quiet title against an execution levied on the property, the execution having issued in an action in which judgment was rendered against a brother of plaintiff, the defendants are precluded from offering proof that plaintiff holds an undivided one-half interest in the property in trust for such brother, where they do not plead a trust or any other equitable interest, but merely allege that such brother is the owner of an undivided one-half interest in the property.

[2] ID.—AMENDMENTS DURING TRIAL — DISCRETION — APPEAL.—The allowance of amendments during the trial is a matter largely in the discretion of the trial court, and the ruling of the trial court will not be disturbed unless an abuse of discretion is clearly shown.

[3] ID.—AMENDMENT ALLEGING TRUST RELATIONSHIP — DENIAL OF LEAVE.—Where the pleadings in an action to quiet title consist merely of an allegation of ownership by plaintiff and a denial by the defendants, the sheriff, and a judgment creditor of a brother of plaintiff of such ownership, accompanied by an allegation that said brother of plaintiff is the owner of an undivided one-half interest in the property, it is not error to refuse the defendants leave to amend during the trial so as to permit the introduction of proof that plaintiff holds an undivided one-half interest in the property in trust for said brother.

APPEAL from a judgment of the Superior Court of Riverside County. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve and Richard L. North for Appellants.

Miguel Estudillo and Sarau & Thompson for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by defendants from a judgment quieting title in plaintiff in and to certain tracts of land situate in Riverside County. The complaint alleges ownership in plaintiff, and further alleges that the

defendant Frank P. Wilson, as sheriff of Riverside County, levied an execution on said property, issued in an action wherein Alvina Valencia, one of the defendants herein, obtained a money judgment against Phillip Milliken, a brother of plaintiff herein. The answers of the defendants Wilson and Valencia on information and belief denied plaintiff's title, and on information and belief alleged that said Phillip Milliken was the owner of an undivided one-half interest in said property. In support of his complaint plaintiff offered proof showing beyond question that he was the owner of the legal title to said property. [1] Defendants then attempted to prove a state of circumstances which they claimed would show that plaintiff, Henry Milliken, held an undivided one-half interest in said property in trust for his brother, Phillip Milliken. Plaintiff objected to this character of testimony upon the ground that defendants had not pleaded a trust or any other equitable interest, and that they were therefore precluded from offering such proof. The court properly sustained the objection. (*Robinson* v. *Muir*, 151 Cal. 118, [90 Pac. 521].) Thereupon defendants asked leave to amend their respective answers so as to set forth such trust relation, but their application was denied by the court upon the ground that the allowance of such amendments would be adding an entirely new issue to the case. Notwithstanding the ruling of the court, much conflicting testimony of an asserted trust relation was injected into the record.

Appellants now contend that the court erred in disallowing defendants' proposed amendments, and that it "erroneously found that Henry and not Phillip was the owner of the properties in question, and in holding that Phillip had no interest therein subject to execution levy when the levy here in question was made."

[2] The allowance of amendments during trial is a matter largely in the discretion of the trial court (sec. 473, Code Civ. Proc.), and it has been repeatedly held that the ruling of the trial court will not be disturbed unless an abuse of discretion is clearly shown. (*Billesbach* v. *Larkey*, 161 Cal. 649, [120 Pac. 31]; *Brittan* v. *Oakland Sav. Bank*, 124 Cal. 282, [71 Am. St. Rep. 58, 57 Pac. 84]; *In re Redfield's Estate*, 116 Cal. 637, [48 Pac. 794].) [3] We are satisfied that the reason assigned by the trial court for its

ruling in denying leave to amend is sound, and furthermore, that the amendments themselves as proposed were wholly insufficient to raise the question of the trust relation, because they utterly failed to state any facts showing that relation, merely alleging on information and belief the conclusion "That Henry Milliken, plaintiff herein, holds an undivided one-half interest in all of said real property in trust for said Phillip Milliken."

The pleadings, then, as they stood during the trial and at the time of the entry of judgment, consisted merely of an allegation of ownership by plaintiff, and a denial by defendants of such ownership, accompanied by an allegation that Phillip Milliken was the owner of an undivided one-half of said property. In that state of the pleadings the evidence of a trust relation or of an equity in Phillip Milliken was properly ignored by the court in its findings, and even if proved would not have permitted a judgment in defendants' favor to that effect.

The situation here is similar to the one presented in *Reilly v. Wright*, 117 Cal. 77, [48 Pac. 970], wherein the court said: "The other questions presented all grow out of an attempt on the part of the defendants to show an equitable title in defendant Wright, which was not pleaded. The whole matter was entirely without the issues raised by the pleadings, and while the court admitted evidence upon the question, it eventually and, we think, properly entirely ignored such evidence in making its findings, and confined itself to the issues made by the pleadings." In the later case of *Robinson v. Muir, supra,* it is held: "Where the defense consists merely of a denial of plaintiff's ownership and the assertion of title in defendant, such defense is not established by proof that the plaintiff is the owner of the legal title subject to an equity in favor of defendant."

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.