[Civ. No. 5689. Second Appellate District, Division One.—October 15, 1927.]

In the Matter of the Estate of ABE GOLDMAN, Deceased. BEN F. GOLDMAN, Contestant and Respondent; HARRY W. GOLDMAN, Proponent and Appellant; PACIFIC SOUTHWEST TRUST & SAVINGS BANK, Beneficiary and Appellant.

Hardy, Elliott & Aberle, Rex Hardy, Harry William Elliott and Fred Aberle for Appellant.

Charles W. Ostrom and John Henderson Pelletier for Respondent.

HOUSER, J.—This is an appeal from a judgment rendered in pursuance of a verdict by a jury in a contest of the will of Abe Goldman, deceased. Contestant is the son of the testator.

The contest of the will as originally filed presented both the issue of undue influence in the making of the will and that of unsoundness of mind of the testator. On the hearing of the matter, by order of court, the former issue was withdrawn from the consideration of the jury, and by an amendment, contestant was permitted to modify the other issue from that of general incompetency to that of a fixed delusion on the part of the testator, which at the time of the execution of the will operated directly upon its provisions.

Special issues were submitted to the jury which included, first, the question as to whether at the time or times when the testator made his will and the codicil thereto he was suffering from a specific insane delusion which affected the making of such will and codicil, respectively, and except for which neither the will nor the codicil would have been made; and, secondly, whether at such time or times the testator was suffering from such a complete mental degeneration as to denote utter mental incapacity to know and understand the nature and extent of his act. As to the

questions which signified a specific insane delusion on the part of the testator, the answers given by the jury were in the affirmative; but as to the questions relating to the testator's complete mental incapacity, the answers were in the negative. Judgment on the verdict having been rendered in favor of the contestant, the proponent of the will has appealed therefrom.

In effect the principal point relied upon by appellant is that the evidence was insufficient to justify the verdict.

Without attempting to set forth herein the testimony given by the several witnesses who testified at the hearing, it may suffice to state generally that at least six of such witnesses testified in substance that on many occasions, both precedent as well as subsequent to the making of both the will and the codicil thereto, the testator had made statements to the effect that he believed that the contestant would poison him or kill him; that the contestant desired the death of the testator in order that contestant might inherit the property of the testator; that it was for that reason that the testator would have nothing to do with the contestant, and that the testator, by his will, would leave the contestant very little, if any, of the testator's property. No evidence was produced which showed the slightest foundation for such belief on the part of the testator. On the other hand, evidence was introduced from which the jury properly might have decided that the reason for the practical disinheritance of the son by the father was due to conditions and circumstances other than those which tended toward the establishing of an insane delusion of the testator which directly affected the provisions of the will and the codicil thereto, so far as the contestant was concerned.

Many authorities are cited by appellant with reference to the law affecting testamentary incapacity, insane delusions, and the burden of proof. The evidence is reviewed and it is argued with much earnestness that the law as applied to what appellant insists were the facts as shown by the evidence, clearly indicates that a reversal of the judgment should be had. At the outset, it should be noted that so far as the requirement regarding the necessity of the sufficiency of the evidence to support the verdict of the jury is concerned, there is no essential difference in the law as between a will contest and any other kind of an action.

■ Where the issue is clean-cut and any substantial conflict exists in the evidence relating thereto, the conclusion reached by the jury is just as conclusive in a will contest as it is in any other class of litigation. As is stated in the matter entitled *In re Presho's Estate*, 196 Cal. 639, 643 [238 Pac. 944] : " . . . As to the sufficiency of the evidence, if from all the evidence the verdict is based on material facts legally proved or on inferences which may be reasonably drawn from those facts, even though there be an honest difference of opinion as to the effect of the evidence, the verdict will be deemed supported."

■ On a consideration of the evidence introduced on the trial, this court is convinced that the testimony of the several witnesses on behalf of the contestant brought the facts squarely within the definition as stated in numerous decisions by the courts of this state relating to what constitutes an insane delusion. The question of whether such evidence preponderated in favor of the contestant, or of the proponent of the will, was one which lay solely within the province of the jury to determine. As hereinbefore indicated, the finding by the jury on the issue of the insane delusion of the testator and its effect upon the execution of the will was amply supported by the evidence. It follows that because of the fact that the evidence may have been conflicting with relation to such issue, this court would not be justified in disturbing the judgment rendered by the lower court in pursuance of the verdict of the jury.

■ Appellant contends, also, that the court erred in granting leave to the contestant to file an amended complaint. As hereinbefore stated, it appears that one of the issues, as originally drawn, presented the question of the general testamentary capacity of the testator, and that in the course of the trial contestant was permitted to so amend his pleading as to specifically include therein the issue of whether at the time of the execution of the will in question the testator was acting under the influence of an insane delusion which operated directly upon the provisions of the will. It is urged by appellant that the amendment was permitted at a time after a number of depositions taken in the case had been read in evidence, and that none of the witnesses whose depositions were taken by appellant was questioned on the issue relating to an insane delusion of the

testator, and that no opportunity was afforded the proponent of the will to meet the allegations of the contest as amended other than by such witnesses as were in the courtroom. But so far as is disclosed by appellant's brief, no request was made by the proponent of the will for a continuance of the trial in order that he might procure the attendance of witnesses who would or might testify regarding the issue as amended. Nor is it now contended by appellant that either or any of the witnesses whose depositions were taken by him could have furnished any evidence other than such as is contained within the depositions which already had been taken which would have tended to offset the evidence produced by the contestant in that behalf. It is therefore difficult, if possible, to see in what manner injury resulted to the proponent by reason of the amendment to the pleading. But whatever may have been appellant's position in that regard, the rule is well established that great liberality should be shown by the trial court in permitting amendments to pleadings, especially where no new issue is presented thereby. Furthermore, the allowance of amendments to pleadings during the trial is a matter resting largely within the discretion of the trial court, and the ruling of which court cannot be disturbed unless an abuse of discretion be clearly shown. (*Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713] ; *Milliken* v. *Valencia,* 47 Cal. App. 16 [189 Pac. 1049], and cases there cited.) It is clear that the issue of insanity generally or utter lack of testamentary capacity is broader than the issue of a single insane delusion. It is therefore manifest that if the amendment had · any effect it was that of narrowing the issue already before the court, rather than creating a new issue on the subject of insanity of the testator—to which situation the proponent could have no objection and which course could result in no prejudice to his substantial rights in the premises.

 Appellant further complains of the action of the trial judge in permitting the contestant, over proponent's objection, to read into evidence the cross-examination of a witness as shown by a deposition. It appears that the deposition of the witness was taken at the instance of the contestant and that such cross-examination was produced by questions propounded to the witness by the proponent of

the will. Before the taking of the deposition it was stipulated by respective counsel that the deposition might "be used by either party upon the trial of the contest." But aside from such stipulation, it is clear that no error was committed by the trial court. The presumed purpose in the taking of a deposition is to obtain the testimony of a witness who is unable to attend the trial of an action. The witness "belongs" to neither side. He is presumed to narrate certain facts within his knowledge which bear upon the issues in the case. That such facts may adversely affect the contentions or claims of the party producing such witness offers no just or substantial ground for denying to the other party the benefit of such facts; and the same rule should apply where the party cross-examining such witness is disappointed or displeased by the answers given by him to questions propounded to the witness by the cross-examiner.

This court can find no substantial error in the record.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1927.