[Civ. No. 17378.   Second Dist., Div. Two.   Feb. 14, 1950.]

Estate of EDWARD J. GROBE, Deceased.   IRENE JO-
HANNSEN JENKS, Respondent, v. NELLIE R. GROBE
et al., Appellants.

Russell H. Pray and William C. Price for Appellants.

Arthur A. Jones for Respondent.

McCOMB, J.—From a judgment admitting a will to pro-
bate after trial before the court without a jury, contestants
appeal.

*Facts:* February 16, 1943, Edward J. Grobe duly executed
a witnessed will by the terms of which Mrs. Irene Johannsen
Jenks was named as beneficiary.   This will was prepared
at Mr. Grobe's request by Attorney Howard E. Hurd.   On or
about July 25, 1945, Mr. Grobe wrote Attorney Hurd a letter,

the original of which was sent to Mr. Hurd's office and a copy to his home. ▮ This letter read as follows:

"1838 Vassar Ave.
Glendale, Calif.
July 25, 1945

"Mr. Howard E. Hurd, Atty
305 No. Maple Dr.
Beverly Hills, Calif.

"Dear Howard I wish to annul the Will you made for me, in which the beneficiary is Mrs. Irene Johannsen Jenks of 1830 Vassar Ave., Glendale.

"I wish to have you draw up another Will in which I want the name of my niece, Miss Ada Sommer of 14564 Addison St., Van Nuys, Calif., is the beneficiary. Would like to meet you at your home sometime soon if it would be convenient for you.

Yours cordially,
E. J. Grobe"

The foregoing letter in its entirety was in the handwriting of Mr. Grobe. After writing and mailing the letter, Mr. Grobe did not press the matter further and did not make any other will. He died on April 9, 1948.

The trial court found that it was not the intent of decedent by the foregoing letter of July 25, 1945, to revoke the will which he had previously made.

*Question: Was there substantial evidence to sustain the trial court's finding that it was not the intent of decedent to revoke his prior will by the holographic letter he wrote and sent to Mr. Hurd on July 25, 1945?*

This question must be answered in the affirmative. ▮ When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424].)

▮ Applying this rule to the facts of the present case the only evidence received as to the revocation of decedent's witnessed will was the letter of July 25, 1945, set forth above, and the testimony of Mr. Hurd that subsequent to the writing of such letter decedent had never pressed the matter of drawing another will, nor had he done so even though Mr. Hurd

had explained to him that he might do so by drawing a holographic will.  He also testified that he had explained to decedent how to draw such a will.  Clearly the letter of July 25, 1945, is susceptible of the inference that decedent wished to change the beneficiary in his will by having another will drawn naming a different beneficiary, and that at such time the will which he had previously executed on February 16, 1943, would be null and void.  This evidence, coupled with the fact that decedent lived for several years after he wrote the letter of July 25, 1945, without executing a new will, witnessed or holographic, constitutes substantial evidence to sustain the trial court's finding that decedent did not have the intent of revoking his will by or at the time he wrote the letter aforementioned.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 1, 1950, and appellants' petition for a hearing by the Supreme Court was denied April 13, 1950.