Maximilian Moss, J.
Petitioner seeks an order directing that an arbitration proceed between respondents by reason of an alleged wrongful discharge of petitioner by respondent, the Brooklyn Union G-as Company. The petition alleges that petitioner prior to April 1,1952, and up to and including the present time, was and still is a member of respondent union in good standing; that for some years prior to April 1, 1952, and up to May 20, 1952, he was an employee of respondent gas company; that on May 20, 1952, petitioner was wrongfully discharged by the gas company from his employment; that a collective bargaining agreement covering the employment of petitioner was entered into between respondent company and the union; that the wrongful discharge was a dispute to be arbitrated within the *298 contemplation of the labor agreement; and that a demand for arbitration was made but refused.
Petitioner admits that respondent union had been designated as the exclusive representative of all the employees within the bargaining unit and that up to the date of the discharge, petitioner himself was represented by respondent union. Petitioner admits further the making and execution of the agreement and its legality and validity.
The respondents, relying on the collective bargaining agreement, separately contend that the union only has the right to demand arbitration in the event of an alleged wrongful discharge. Thus we have a situation where all parties look to the sam,e labor agreement for their rights, which presents to the court merely the construction of an admittedly applicable document.
Respondent union, in the answering affidavit of its president, has averred that the working conditions affecting its members, including matters pertaining to the discharge of any member, are of. great concern to it; that such conditions always receive the constant and full attention of its responsible officers and delegates; that the matter of discharge of petitioner was fully considered and discussed by the president and other officers of the union; that the matter was also presented to the major governing body of the union, its joint executive committee, which decided by unanimous vote that the action of respondent company should not be disputed. Respondent union further stated that the will of individual members, including petitioner, may be expressed at meetings and thus collective decisions may be reached, and that “ it is the collective decision of this union to take no action in the matter of petitioner’s discharge. ’ ’ Respondent union therefore declined to demand of the company that the discharge be arbitrated.
An examination of the collective bargaining agreement discloses the following provisions pertinent to the issue.
The beginning and end of the agreement show that the “parties” to the agreement are the “Company” and the 11 Union. ’ ’
The purpose of the agreement is set forth in paragraph 2 of article I, as follows: “ 2. The purposes of this agreement are to make provision for the terms and conditions of employment for the ‘ employees ’ (as distinguished from 1 parties ’) in the bargaining unit, to establish an orderly collective bargaining procedure between the Company and the Union (not between the ‘ Company ’ and the ‘ Employees ’) and to secure a prompt and fair disposition of grievances.”
*299 Under the provisions appearing at top of page 10 of the printed agreement all disputes “which the parties are unable to adjust or settle themselves (except such as are not subject to arbitration hereunder), shall be submitted to arbitration by the Honorable Herbert F. Goodrich; and in the event he refuses or is unable for any reason to act as such arbitrator, the Company and the Union (note express recognition of ‘ Parties ’ as the ‘ Company ’ and the ‘ Union ’) will meet to name a mutually satisfactory arbitrator” (Arbitration Procedure, art. VII, suibd. 2).
Article IV, paragraph 3, provides: “ Employees shall be discharged or disciplined only for just and proper cause. The Union shall have the right to challenge the propriety of such discharge or disciplinary action, and any such discharge or disciplinary action shall be considered a dispute or grievance to be dealt with in accord with the grievance and arbitration procedure hereinafter set forth, except as hereinafter provided as to probationary and temporary employees. It is understood that in case of wrongful discharge the arbitrator may order reinstatement of the employee with back pay and without loss of any rights, provided that the Union shall have submitted the grievance in accordance with the grievance and arbitration procedure hereinafter provided. ’ ’
It is to be observed from the above that the contract specifically states that the ‘1 Union shall have the right to challenge the propriety of such discharge ” and that in case of wrongful discharge the arbitrator may order reinstatement, with back pay and without loss of rights ‘ ‘ provided that the Union shall have submitted the grievance * *
The labor agreement is so well written and its pertinent language with respect to the right to challenge a discharge by the company is so clear and unambiguous that there is no room for a construction contrary to the obvious and plain intent expressed by the parties themselves.
Under the above-quoted provisions, the union alone has the right to demand arbitration and there is no independent right of an employee within the bargaining unit either to compel the union to institute arbitration proceedings, or to require the company to submit to arbitration without regard to the union.
The philosophy of the union in retaining control over disputes and of the company in requiring the same is sound. A contrary procedure which would allow each individual employee to overrule and supersede the governing body of a union would create a condition of disorder and instability which would be disastrous to labor as well as industry. The above disposition of this appli *300 cation makes unnecessary the determination of subsidiary points raised by the parties, although it would appear that, were this decision otherwise, petitioner would have been held to have waived any possible rights which he might have had by his failure to follow the prescribed procedure entitled ‘1 Grievance Procedure and Arbitration” (art. VII, subd. 7). (Matter of Ketchum & Co., 70 N. Y. S. 2d 476.)
The application of petitioner is denied and the proceeding dismissed. Settle order on notice.