[Civ. No. 21495.   Second Dist., Div. One.   Apr. 23, 1956.]

HUGH M. TERRELL, Appellant, v. LOCAL LODGE 758, INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Defendants; MENASCO MANUFACTURING COMPANY (a Corporation), Respondent.

Hugh M. Terrell, in pro. per., for Appellant.

Gibson, Dunn & Crutcher and Jerome C. Byrne for Respondent.

FOURT, J.—This is an appeal from a summary judgment granted the defendant and respondent Menasco Manufactur-

ing Company, against Hugh M. Terrell, plaintiff and appellant.

At the time in question, the respondent and Local Lodge 758, International Association of Machinists, hereinafter referred to as the union, were parties to a collective bargaining agreement, hereinafter referred to as the contract, which governed and controlled the terms and conditions of employment for all employees of the respondent represented by the union. Appellant, a member of the union, and employed by respondent, was discharged by the latter on or about September 11, 1953.

There is in the contract a part entitled "Grievance Procedure"[1] which provides the exclusive procedure for settling

---

[1]"GRIEVANCE PROCEDURE

"Sec. 1 A grievance is defined as a written claim or dispute against the Company by an employee, employees or the Union, or by the Company against the Union, concerning rates of pay, hours or working conditions, or the interpretation or application of the terms of this Agreement.

"Sec. 2 All grievances must be filed and processed in accordance with the procedure here set forth.

"Sec. 3 Employee Grievances—Step One.

"3.31 A grievance may be filed with the immedate Foreman by the employee(s) individually or through the appropriate Steward for the District in which the employee works.

"3.32 Normally within twenty-four (24) hours, but not to exceed three (3) working days, the District Steward, the Senior Steward, the Division Director or his designated representative, the Foreman concerned and, at the option of the employee, the employee, shall meet and attempt to settle the grievance.

"3.33 If no agreement is reached within three (3) working days, the grievance may be appealed to Step Two.

"Sec. 4 Union, Company or Appeal Grievances—Step Two

"3.41 A grievance filed by the Union, the Company, or appealed from Step One, shall be considered in Step Two.

"3.42 Within three (3) working days after receipt by the Union Office and the Office of the Director of Industrial Relations of any Step Two grievance, the Business Representative of the Union, the Senior Steward concerned, the Division Director concerned and the Director of Industrial Relations, or their designated representatives, shall meet and shall attempt to settle the grievance.

"3.43 If agreement is not reached within three (3) working days, upon written request from the Union or the Company, the other party shall give written reason for denial.

"3.44 If agreement is not reached in Step Two, upon written request from the Company or the Union, the grievance may be appealed to Step Three.

"Sec. 5 Appeal Board—Step Three

"3.51 The Appeal Board shall consist of:

"a. For the Company, the President of the Company or, in his absence, another Officer of the Company, the Director of Industrial Relations, and a representative to be selected by the President of the Company.

all claims or disputes against the respondent by the union and by any employees represented by the union. The procedure provided for four steps of negotiations, in brief as follows: the first step we are not concerned with in this proceeding; the second step provides for a meeting of two company and two union representatives to attempt to reach a settlement; step three provides for an appeal board consisting of three company and three union representatives, and step four provides for arbitration by an impartial arbitrator in the event the company or the union requests in writing an appeal to such arbitrator. The contract provides that only the company or the union is empowered to appeal a grievance to either step three or step four.

Appellant filed his grievance on September 12, 1953, and a step two meeting was held and resulted in a failure to settle the grievance. The union appealed the grievance to step three. A step three meeting was held on September 18,

---

"b. For the Union, the Business Representative, the President of the Union or, in his absence, his agent, and an employee representative to be selected by the Union.

"3.52 The Appeal Board shall meet in the Office of the President of the Company within ten (10) working days from date of receipt of appeal notice and shall attempt to reach a settlement.

"3.53 If a settlement is not reached within three (3) working days, upon written request of either the Company or the Union, the grievance may be appealed to Step Four.

"*Sec. 6 Arbitration—Step Four*

"3.61 Upon receipt of a written request for arbitration of the grievance not settled in Step Three, the Company and the Union shall:

"a. Within three (3) working days agree upon arbitration by a single arbiter, in which case he shall be selected by lot from an agreed list of arbiters within five (5) working days after such agreement is reached; or if no agreement is reached on a single arbiter, then

"b. Within three (3) working days agree upon arbitration by a Committee and each name a member to said Committee within two (2) working days after such agreement. The selected members shall meet within three (3) working days and choose a third arbiter (from the agreed list of arbiters). The third arbiter shall act as Chairman of the Arbitration Committee.

"3.62 Upon receipt of written request for arbitration, representatives of the Company and the Union shall meet and prepare a submission agreement in simple form and language stating the issue or issues in dispute. If the Company and the Union representatives are unable to agree on a joint statement of issues to be decided by the Arbiter or by the Arbitration Committee, the submission shall contain the Company's statement of issues and the Union's statement of issues with the notation that the parties could not agree thereon.

"3.63 The decision of the Arbiter or a majority of the Arbitration Committee shall be final and binding on the Company and on the Union and may not be further appealed. The decision shall be within the scope and terms of this Agreement, but shall not add to, subtract from,

1953; however, the grievance was not resolved at that meeting. The union chose not to appeal the grievance to a step four proceeding.

Appellant brought this action against the respondent and the union. In the cause against the respondent he averred that he was a member of the union; that he was employed by the respondent under the terms of the agreement; that he was wrongfully discharged; that he took up his grievance with the union and demanded that the company and the union continue the grievance procedure through and including arbitration; that neither did so; that he suffered a loss of $24,320. In the cause against the union he averred that he became a member thereof in 1952; that he worked under the contract; that the union undertook to represent and protect him and that they failed to do so to his loss in the sum of $34,320.

Respondent, after proper preliminary proceedings, made a motion for a summary judgment, and pursuant to the provisions of section 437c of the Code of Civil Procedure, filed an affidavit of the personnel manager of the company wherein it was set forth that steps two and three were taken and

alter or change the scope and terms of this Agreement. The decision shall be rendered in writing within ten (10) days from the time of presentation to the Arbiter or the Arbitration Committee and shall specify the effective date of the decision.

''a. The Arbiter or the Arbitration Committee shall not have the power to decide an issue unless it involves:

''(1) An interpretation of the provision of this Agreement.

''(2) Alleged violation of this Agreement.

''(3) Grievances related to wages, hours or working conditions.

''3.64 *General Rules*

''a. The expenses and pay of the Arbiter or the Chairman of the Arbitration Committee shall be limited to $80.00 per day and shall be borne equally by both parties to the Agreement.

''b. Time limits in any Step may be mutually extended.

''c. Each grievance shall begin with the lowest applicable Step, and at any Step of the Grievance Procedure shall be considered as settled unless it is referred to a higher Step of the Grievance Procedure within five (5) standard working days.

''d. A grievance regarding alleged improper discharge or release must be filed with the Director of Industrial Relations and the Union within fifteen (15) calendar days from date of occurrence. The lowest applicable step for such grievance is Step Two.

''e. Other grievance shall be without effect unless presented in writing to the lowest applicable step within fifteen (15) calendar days from the date of occurrence or within fifteen (15) calendar days from the date the employee, employees or the Union first acquired knowledge of the fact or facts upon which the grievance is based.

''f. Settlement of a grievance in any Step of this Grievance Procedure may or may not be retroactive and shall not be limited by other sections of this Article.''

that no appeal to step four was taken as provided for in the contract. The affidavit of the personnel manager likewise sets forth the grievance procedure as is provided in the contract. Appellant filed a counteraffidavit wherein he set forth that he was discharged and that he demanded of the union that it process his claim and represent him. He further set forth that he made certain inquiries from time to time and made demands upon the union and the respondent that they proceed with the grievance procedure. It was not denied by appellant, but to the contrary it was vehemently claimed by him, that step four had not been taken.

The rule is well settled that the propriety of granting or denying a motion for a summary judgment depends upon the sufficiency of the affidavits that have been filed. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 261 [223 P.2d 244] ; *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558, 562 [277 P.2d 464].)

In the case of *Cone* v. *Union Oil Co.*, *supra*, at pages 562, 563-564, the court said: "The obvious purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned. (*Kelly* v. *Liddicoat*, 35 Cal.App.2d 559, 561, 562 [96 P.2d 186].)

. . . . . . . . . . . . .

". . . It is the general rule that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust these internal remedies before resorting to the courts in the absence of facts which would excuse him from pursuing such remedies. (Citing cases.) This rule, which is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts (2 Cal.Jur.2d 304, § 184), is based on a practical approach to the myriad problems, complaints and grievances that arise under a collective bargaining agreement. It makes possible the settlement of such matters by a simple, expeditious and inexpensive procedure, and by persons who, generally, are intimately familiar therewith. (*Utah Const. Co.* v. *Western Pac. R. Co.*, 174 Cal. 156, 159 [162 P. 631].) The use of these internal remedies for the adjustment of grievances is designed not only to promote

settlement thereof but also to foster more harmonious employee-employer relations. (*Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667, 671 [220 P.2d 973].) Such procedures, which have been worked out and adopted by the parties themselves, must be pursued to their conclusion before judicial action may be instituted unless circumstances exist which would excuse the failure to follow through with the contract remedies. (Citing cases.)''

Appellant has not alleged, and there is nothing in the record before us indicating that under the terms of the contract either of the parties was required to appeal to steps three or four. The union, as heretofore pointed out, as the representative of appellant, exercised its discretion in this case and elected not to proceed to arbitration under the step four procedure. It therefore failed to exhaust the grievance procedure which is, by the contract, the exclusive method for adjusting claims or disputes of an employee against the company.

We have carefully examined the record in this matter and are of the opinion that the court was well within its discretion in granting the summary judgment.

Judgment affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 10, 1956, and appellant's petition for a hearing by the Supreme Court was denied June 20, 1956.