[Civ. No. 21976.   Second Dist., Div. Three.   Apr. 9, 1957.]

HUGH M. TERRELL, Appellant, v. LOCAL LODGE 758, INTERNATIONAL ASSOCIATION OF MACHIN-ISTS, Respondent.

Hugh M. Terrell, in pro. per., for Appellant.

Rose, Klein & Marias and Robert P. Dockeray for Respondent.

VALLÉE, J.—Plaintiff appeals from a summary judgment granted on motion of defendant Local Lodge 758, International Association of Machinists, to be called "Union."[1]

Union is affiliated with International Association of Machinists as a local lodge. Prior to the time in question it had entered into a collective bargaining agreement with Menasco Manufacturing Company which provided four steps for the processing of grievances. Step One did not apply to the discharge of an employee. Step Two was a meeting between representatives of Union and of Menasco in an attempt to settle the grievance. If no agreement was reached an appeal could be taken to Step Three—an appeal board. If a settlement was not reached under Step Three the grievance could be appealed to Step Four—arbitration.

The complaint alleges: On or about July 7, 1952, plaintiff became a member of Union, and Union promised in writing to process any grievance of plaintiff against Menasco "which it considered meritorious" through the steps set forth in the collective bargaining agreement. On September 12, 1953, plaintiff was in the employ of Menasco and he was discharged without cause. Plaintiff filed a grievance with Menasco; Step Two and Step Three meetings were held as provided in the agreement, which terminated without settlement of the grievance. On information and belief, Union considered the grievance meritorious but negligently failed to appeal to Step Four. As a direct consequence of Union's failure to appeal to Step Four plaintiff sustained damages of $34,320. Union's answer admitted the discharge of plaintiff; admitted it did not carry the grievance procedure further than Step Three; denied it ever agreed either in writing or otherwise with plaintiff to carry any grievance of his through to arbitration.

---

[1]The motion of defendant Menasco Manufacturing Company for a summary judgment was granted. That judgment was affirmed in *Terrell* v. *Local Lodge 758 etc. Machinists,* 141 Cal.App.2d 17 [296 P.2d 100].

■ In considering a defendant's motion for summary judgment, the trial court is to determine whether the plaintiff has presented any facts which give rise to a triable issue. (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343, 347 [217 P.2d 961].) "Section 437c, Code of Civil Procedure, provides, *inter alia,* that if it is claimed that an action has no merit the defendant may, upon proper notice, make a motion, supported by an affidavit of any person having knowledge of the facts, that the complaint be dismissed and judgment entered. The plaintiff, however, 'by affidavit or affidavits, shall show . . . such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact.' ■ If it appears from an examination of the affidavits that no triable issue of fact exists, and that the affidavits in support of the motion state facts which, if proved, would support a judgment in favor of the moving party, then summary judgment is proper. [Citation.] It is thus apparent that the propriety of granting or denying the motion depends upon the sufficiency of the affidavits that have been filed." (*Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 562 [277 P.2d 464].)

In support of the motion for summary judgment Union filed an affidavit of Alfred Klein to which there was attached as a part thereof the deposition of plaintiff, and an affidavit of C. C. Bogardus, business representative of Union, to which there was attached a copy of the constitution of Grand Lodge, International Association of Machinists. Plaintiff filed a counteraffidavit. The affidavit of Mr. Klein disclosed that plaintiff relied on the constitution of the Grand Lodge and the collective bargaining agreement between Union and Menasco as the sole basis for his claim that Union had promised in writing to process any grievance in his behalf. The specific provision of the constitution of the Grand Lodge on which plaintiff relied, as disclosed by his deposition, reads:

"The Grand Lodge of the International Association of Machinists aims: . . .

"5. To settle all disputes arising between our members and employers, by direct negotiation whenever possible, and in cases where Arbitration is resorted to, to reserve our freedom to accept or reject the decision rendered except in those cases where it is previously agreed by both parties that the decision shall be binding."

The affidavit of Mr. Klein also disclosed that plaintiff relied on a provision of the constitution of the Grand Lodge which

is set out in the margin.[2] The specific provision of the collective bargaining agreement on which plaintiff relied, as shown by his deposition, is set out in the margin.[3] The affidavit of Mr. Bogardus incorporated the collective bargaining agreement as a part of it; stated there was nothing in plaintiff's application for membership in the Union which bound the Union to process any grievance of plaintiff against Menasco; and that Union never at any time promised to process any such grievance. Thus there were before the trial court in support of the motion plaintiff's application for membership in Union and the particular parts of the constitution of the Grand Lodge and of the collective bargaining agreement on which plaintiff relied as supporting his claim that Union was

---

[2] "Every application for a charter for the organization of a L.L. [Local Lodge] shall contain the following information: The number of machinists, automobile, heavy duty or aircraft machinists or mechanics, specialists, machinists' helpers, apprentices and production workers employed in the locality. The name of each applicant who is a member of any L.L., together with his card number and the number of the L.L. to which he belongs. The name of each applicant whose membership has been previously cancelled, together with the number of the L.L. of which he was last a member. The petition and pledge of the applicants in language as follows:

"'The undersigned residents of (place)_____, (State) _____, believing the International Association of Machinists to be well calculated to improve our intellectual and social conditions and promote our economic well-being and advancement, respectfully petition the International Association of Machinists to grant us a charter to open a new lodge, to be located in the City (or town) of_____, county of_____, State of_____. We pledge ourselves individually and collectively to be governed by the Constitution, laws, rules and usages of the International Association of Machinists. The Lodge desires to be recognized as_____Lodge.'"

[3] "Sec. 5. Union Recognition and Work Jurisdiction

"1.51 The Company recognizes and accepts the Union as the sole bargaining agent for all the Company's hourly-paid employees except:

"a. Employees in the Company's Division of Industrial Relations
　　(1) having access to and authorized to work with Personnel Records;
　　(2) in First Aid.

"b. Truck drivers who operate on public highways off the Company's premises (covered by Local Lodge 578, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.)

"c. Uniformed guards and firemen (covered by Local Lodge 1, American Federation of Guards).

"d. Office, clerical and administrative employees other than those defined in the labor grades.

"e. Specifically excluded are all salaried employees, unless by working such salaried employee performs work that comes under the jurisdiction of the International Association of Machinists, and/or other work classification covered in addition thereto by this Agreement."

obligated to process his grievance against Menasco to arbitration.

The counteraffidavit of plaintiff stated he became a member of Union on his own volition, predicated partially on an oral promise made by Mr. Bogardus in the presence of the director of industrial relations of Menasco "which was prompted by an inquiry on the part of this affiant relative to their respective positions regarding the processing of grievances should this affiant ever decide to become a member of the union"; the collective bargaining agreement states the Union is the sole bargaining agent; the grievance was processed through Step Two without settlement; there is no record showing that Step Three was pursued; Union promised orally to process any meritorious grievance he had against Menasco; the constitution and the collective bargaining agreement "contain nothing but promises from the first written word to the last written word of what the union *aims* to do relative its members"; and quotes the provisions of the constitution set out above; he relied on a written promise made and filed by Union representatives in the collective bargaining agreement to be his sole agent.

■ An affidavit in opposition to a defendant's motion for a summary judgment does not present a triable issue unless it states facts showing that a cause of action exists on the merits. (*Hardy* v. *Hardy,* 23 Cal.2d 244, 246-247 [143 P.2d 701].) ■ The counteraffidavit of plaintiff does not controvert the facts stated in the affidavits of Mr. Klein and Mr. Bogardus. It appears from the counteraffidavit that plaintiff relies on the documents referred to by him in his deposition and related by Mr. Klein, i.e., his application for membership in Union, the constitution of the Grand Lodge, and the collective bargaining agreement. In no one of these did Union agree to process plaintiff's grievance through Step Four—arbitration. The application for membership does not contain any promise to do anything with respect to grievance procedure. Assuming the constitution of the Grand Lodge can be construed as an agreement between Union and plaintiff, it contains nothing obligating Union to process grievances. It merely states that Grand Lodge "aims" to settle disputes between members and employers. We find nothing in the part of the collective bargaining agreement relied on by plaintiff which obligates Union to process a member's grievance. Construing the agreement in *Terrell* v. *Local Lodge 758 etc. Machinists,* 141 Cal.App.2d 17 [296 P.2d 100], the court stated (p. 19):

"The contract provides that only the company or the union is empowered to appeal a grievance to either step three or step four."

The failure of the counteraffidavit to controvert the facts shown in the affidavits supporting the motion cannot be remedied by resort to the allegations of the complaint. (Code Civ. Proc., § 437c.) The very purpose of the summary judgment procedure is to determine whether there is a triable issue of fact irrespective of the sufficiency of the pleadings. Looking at the affidavits alone, it is uncontroverted that there was no obligation on Union to process plaintiff's grievance and that plaintiff did not present any facts giving rise to a triable issue.

■ In the absence of an agreement, a union member does not have a cause of action against the union for its failure to process his grievance to arbitration. Considering a collective bargaining agreement similar to the one between Union and Menasco the court, in *Bianculli* v. *Brooklyn Union Gas Co.*, 115 N.Y.S.2d 715, stated (p. 718):

"Under the above quoted provisions, the Union alone has the right to demand arbitration and there is no independent right of an employee within the bargaining unit either to compel the Union to institute arbitration proceedings, or to require the Company to submit to arbitration without regard to the Union.

"The philosophy of the Union in retaining control over disputes and of the Company in requiring the same is sound. A contrary procedure which would allow each individual employee to overrule and supersede the governing body of a Union would create a condition of disorder and instability which would be disastrous to labor as well as industry." (To like effect, *United States* v. *Voges*, 124 F. Supp. 543.)

Since defendant's affidavits state facts showing the action has no merit, and those facts are not controverted by plaintiff's affidavit, summary judgment was proper.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.