178 Cal.App.2d 24 (1960)
Estate of SINAH W. KELLY, Deceased. MARILYN WALROD EATON et al., Appellants,
v.
FARMERS AND MERCHANTS TRUST COMPANY OF LONG BEACH et al., Respondents.
Civ. No. 6302. 
California Court of Appeals. Fourth Dist. 
Feb. 15, 1960.
 Arthur D. Guy and Charles F. Legeman for Appellants.
 Forgy & Forgy, Lindstrom, Robison & Lovell, Harris Robison, Jack R. Lovell, and Arthur W. Eckman for Respondents.
 SHEPARD, J.
 Appellants have appealed from a judgment of dismissal of opposition to probate of will.
 Ground I of appellants' opposition alleges revocation by cancellation, defacement and obliteration by testatrix with intent to revoke. Ground II alleges that the will was not executed in the manner and form required by law. Ground III alleges that one of the devisees actively prevented revocation. Appellants also contend that the trial court erred in refusing to permit an amendment to state a fourth ground of opposition.
 The record before us shows that the deceased testatrix, Sinah W. Kelly, on December 16, 1947, made her will in which, after certain specific bequests to various collateral relatives, she bequeathed the entire residue of her estate to her husband, or, in case the husband predeceased her, the residue was bequeathed to the Mother Church of the First Church of Christ Scientist of Boston, Massachusetts, subject to certain support to the testatrix's mother. Apparently, at some time prior to December 13, 1957, both the husband and the mother mentioned in the will had died, leaving said church as the sole residuary beneficiary, without condition. On December 13, 1957, the testatrix went to the office of her attorney and gave him instructions relative to the drafting of a new will. The attorney made certain notations on the marginal portion of one page of the will. From these notations it appears that said church was still intended to be the sole residuary beneficiary, without condition, in the new will, if executed. Apparently these notations were made with a pencil. None of them was superimposed on any part of the writing of the will and no part of the writing of the will was in any way defaced, altered, or obliterated. (At this point it is well to note that the uncontradicted evidence is that the striking out of the last line of the first paragraph of the will was done prior to the execution of the will and is not subject to any controversy in this contest.) A few days after this visit to her attorney, the testatrix wrote a letter in which she said, "I met with my tax attorney Friday *28 to make out a new will as the old one no longer met the need--John and Mama both gone and some other portions obsolete." Appellant's brief states that the attorney (Kindel) prepared a rough draft of the proposed new will and sent it to the testatrix by mail, but the same was never signed. The testatrix died April 13, 1958. On April 18, 1958, the petition for probate of the will was filed by the trust company named as executor. Opposition to such probate was filed by these appellants, and ultimately on September 10, 1958, "amended grounds of opposition to probate of will" were filed. The record does not disclose how many amendments preceded this pleading. The legatee church filed its answer September 17, 1958, and proponent executor filed his answer October 2, 1958. On December 30, 1958, the legatee church filed its notice of motions for judgment on the pleadings and for summary judgment, together with supporting affidavits. The motion was heard January 30, 1959, but contestants did not file their affidavits and points and authorities in opposition to the motion until February 17, 1959. Judgment was filed March 2, 1959, ordering dismissal of the amended grounds of opposition to probate of will, and contestants appeal.
 Appellants present three questions on appeal. The first of these is, did the trial court err in granting the motion for a summary judgment as to counts I and II of contestants' amended grounds of opposition to probate of will? Before analyzing the record, a brief review of the rules respecting summary judgment is desirable.
 [1] The procedure provided by Code of Civil Procedure, section 437c, is designed to clear the court's calendar of unjustified cases and relieve the parties of expensive trials that have no foundation in fact. (Cone v. Union Oil Co., 129 Cal.App.2d 558, 562 [1] [277 P.2d 464].) [2] Summary judgment is proper only when the facts set forth by the affidavits of the moving party, if true, would sustain a judgment in his favor and the affidavits of the opposing party do not present legally triable issues of fact. (Hardy v. Hardy, 23 Cal.2d 244, 245, 247 [143 P.2d 701]; People v. City of Garden Grove, 165 Cal.App.2d 794, 798 [2] [332 P.2d 841]; Forgeron Inc. v. Hansen, 169 Cal.App.2d 832, 834 [2] [338 P.2d 10].) [3] The affidavits of the moving party should be construed strictly and those of the opposing should be construed liberally. (Eagle Oil & Refining Co. v. Prentice, 19 Cal.2d 553, 556 [2] [122 P.2d 264].) "In other words, the affidavits are to be construed with all intendments in favor of the party opposing *29 the motion ..." (Desny v. Wilder, 46 Cal.2d 715, 726 [299 P.2d 257].) [4] "Great liberality is indulged in matters of amendment to the end that lawsuits may be determined upon their merits." (Desny v. Wilder, supra, page 751 [56].) [5] "The procedure is drastic and should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact." (Eagle Oil & Refining Co. v. Prentice, supra.) [6] The facts must be set up with particularity in the affidavit, must be within the personal knowledge of the affiant, and the affiant must be competent to testify to these facts. (Southern Pac. Co. v. Fish, 166 Cal.App.2d 353, 362 [4b] [333 P.2d 133].) [7] However, all allegations are not rigidly restricted to evidentiary matter and if the court is satisfied that facts within the knowledge of affiant to which affiant is competent to testify are set forth with sufficient particularity and from which it appears that a bona fide defense to the action exists, the motion for summary judgment should be denied. (Eagle Oil & Refining Co. v. Prentice, supra, page 561 [3b].) On the other hand, it should be remembered that if the affidavits of the party opposing the motion do not present facts from which the trial court can see that there is a triable issue, the summary judgment should be granted. (Coyne v. Krempels, 36 Cal.2d 257 [223 P.2d 244]; Atchison v. McGee, 141 Cal.App.2d 515, 519 [4] [296 P.2d 860]; Kimber v. Jones, 122 Cal.App.2d 914, 919 [5] [265 P.2d 922].)
 [8] Furthermore, while it may be true in the interest of liberality that even if the answer of the opposing party be defective if the affidavits themselves within the general purview of the pleadings show that a good defense may exist, the summary judgment will ordinarily be denied and amendment permitted (U.S. Fidelity & Guar. Co. v. Sullivan, 93 Cal.App.2d 559, 561 [3] [209 P.2d 429]), nevertheless this rule should not be extended to permit the affidavits to completely and entirely depart from the general area of the causes set up in the pleadings. [9] "The affidavits in support of a summary judgment do not constitute a second set of pleadings." (Krupp v. Mullen, 120 Cal.App.2d 53, 56 [2] [260 P.2d 629].) [10] In the last analysis, then, the primary duty of the trial court in passing on a motion for summary judgment is to discover whether or not there are presented by the affidavits any really triable issues, and not to pass on the issues themselves. (California Lettuce Growers *30 v. Union Sugar Co., 45 Cal.2d 474, 488 [26] [289 P.2d 785, 49 A.L.R.2d 496]; Coyne v. Krempels, supra, page 260 [1].) In other words, as was said in Walsh v. Walsh, 18 Cal.2d 439, 441 [1] [116 P.2d 62], "... issue finding rather than issue determination is the pivot upon which the summary judgment law turns."
 [11] Turning, then, to the allegations of the pleadings and the facts set forth in the affidavits, we find that in the first ground of contest it is alleged that the testatrix, with intent to revoke, canceled, defaced and obliterated the will here produced for probate. The answer denies this allegation. The affidavits in support of summary judgment are positive on the personal knowledge of affiants. That which refers to the first count of contest is by James H. Kindel, and clearly shows that the testatrix did not herself cancel, deface or obliterate any part of the will, and also that the pencilled notations on the margin of the will were not done by the direction of the testatrix and that none of the writing of the will itself was, in fact, defaced, cancelled or obliterated in any way. It presents a clear picture of a testatrix making preparation for the execution of a new will in futuro. It does not show any intent on the part of the testatrix to revoke in praesenti the existing will. The affidavits of contestants, insofar as they might tend in any way to refute the foregoing facts, are entirely on information and belief, directly contrary to the provisions and requirements of said section 437c. Furthermore, those facts shown as being within the knowledge of appellants' affiants tend to refute even the information and belief of such affiants and to corroborate the positive statements of respondents' affidavits. The statements in the letter refer to the preparation of a new will. Nowhere did the testatrix say or write that the old will had been canceled, defaced, obliterated or revoked. Thus, the only valid evidence before the trial court respecting count I of the appellants' grounds of opposition shows that the testatrix not only did not herself cancel, deface or obliterate the will, but also that she did not authorize it to be done, and that there was not in fact and in truth any cancellation, defacement or alteration of the writing of the will itself by anyone. Estate of Towle, 14 Cal.2d 261 [93 P.2d 555, 124 A.L.R. 624], cited by appellants, involved the actual defacement of the writing in a purported holographic will. Part of this was done by another person with the consent of the testatrix and part of it was done by the testatrix herself. It was refused probate because its holographic character was destroyed *31 by the changes made in a handwriting other than that of the testatrix. In other words, the face of the Towle will showed it was not valid for probate. Estate of Grobe, 96 Cal.App.2d 70 [214 P.2d 535], also cited by appellants, merely holds that the evidence in that case sustained a finding by the trial court that a letter from the testator did not express an intent to revoke in praesenti. It offers no comfort to appellants. Nothing in the evidence furnishes any substitute for the two witnesses required by Probate Code, section 74, subdivision (2). We do not have the plural witnesses as was true in Estate of Martens, 10 Cal.2d 395 [74 P.2d 238]. Neither do we have a subsequent holographic will which could effect revocation under section 74, subdivision (1). The order of summary judgment as to count I was fully justified.
 [12] Count II alleges that the will was not executed in the manner and form required by law. This is denied in the answer. The affidavits of the two witnesses to the will (Attorney Fred Forgy and his secretary, Elva K. Wefel) are on their positive, personal knowledge and show the preparation of her will by affiant attorney at the direction of the testatrix, the correction prior to execution by striking out certain non-testamentary words at the end of the first paragraph of the will, the signing by testatrix in the presence of both witnesses, the declaration to them that it was her will, her request to them that they sign as witnesses, and that they thereupon, in her presence and in the presence of each other, signed said will as such witnesses. This is a complete refutation of appellants' second alleged ground of contest. Appellants' affidavits, on the other hand, do not adhere in the slightest degree to the second ground of contest. Not one word is contained in the affidavits of appellants that shows any fact indicating, directly or indirectly, that the manner and form of the execution of the will was defective in the slightest degree. The trial court's order granting summary judgment as to count II of appellants' grounds of opposition to probate of will was correct.
 Appellants' third ground of opposition seeks, on information and belief, in direct contravention of said section 437c to set up facts purporting to show that the testatrix herein was affirmatively prevented by one of the legatees from revoking the will here offered for probate. However, appellants concede that under the authority of Estate of Silva, 169 Cal. 116 [145 P. 1015], no such ground is provided for opposition to *32 probate of will. Furthermore, they concede that they are unable to present any evidence by affidavit or otherwise concerning the third ground of opposition. It is therefore unnecessary to discuss this point of appeal.
 [13a] Appellants next raise the point that the trial court abused its discretion in refusing leave of court to amend their grounds of opposition. [14] While it is true, of course, as has been hereinbefore pointed out, that on a motion for summary judgment if it appears from the affidavits that the party resisting the motion has a real, triable, issue within the general purview of the pleadings, considerable liberality should be used by the trial court in allowing amendment, nevertheless the whole subject of amendment of pleadings after issue is joined and the matter is before the court for final decision is vested in the sound discretion of the trial court (Code Civ. Proc., 473; Milliken v. Valencia, 47 Cal.App. 16, 17 [2] [189 P. 1049]), and it is the duty of the person applying for permission to amend to place such material before the trial court as will show to the trial judge that the ends of justice will be served by permitting such amendment. (Neher v. Kauffman, 197 Cal. 674, 686 [11] [242 P. 713]; de l'Eau v. Williams, 139 Cal.App. 116, 118 [33 P.2d 427].)
 [13b] The record here before us is deficient in many particulars. The proposed amendment apparently had to do with an attempt by appellants to show that the will was executed under undue influence on the part of testatrix's husband. In this respect the affidavits are not only devoid of evidentiary facts within the personal knowledge of affiants but they also show without contradiction that the testatrix long after the death of her husband, at a time when there could have been no coercion or undue influence by him, did of her own volition write a letter in which she clearly recognized the will as having been validly made by her. This being in the appellants' (contestants') affidavit, it must be accepted as true. Thus, the appellants' own evidence almost completely refutes appellants' desired claim of undue influence. In addition, the motion for permission to amend was made, without notice, orally in an informal manner many months after the issues had been settled by the pleadings and while the matter was before the court for final disposition. The amendment would have presented an entirely new ground theretofore unmentioned in the pleadings. The record does not show that the trial court was given any detailed information as to how the new ground *33 would be alleged either at the time of the informal motion or at any other time. There was no proposed pleading before the court in concrete form. On the total sum of all of these circumstances together, we cannot find that the court's refusal to allow the filing on a new ground of opposition was an abuse of judicial discretion.
 The judgment is affirmed.
 Griffin, P. J., and Coughlin, J., concurred.