[Civ. No. 6343.   Fourth Dist.   Nov. 6, 1961.]

ROEHM DISTRIBUTING COMPANY, INCORPORATED (a Corporation), Appellant, v. BURGERMEISTER BREWING CORPORATION (a Corporation), Respondent.

Dreizen & Corfman for Appellant.

Hoffman, Davis & Martin and Forgy & Forgy for Respondent.

SHEPARD, J.—This is an appeal from a summary judgment for defendant.

## FACTS

Plaintiff brought this action for damages for alleged breach of an oral contract of exclusive distributorship of defendant's product in Orange County and the city of San Onofre. The parties are successors in interest of the original contracting parties but both admit responsibility for all of the acts of their predecessors in interest. Therefore, for simplification, each of the acts referred to will be called the act of the respective party except where explanation is necessary. After plaintiff filed its second amended complaint, defendant answered and moved for summary judgment, filing its affidavit and points and authorities in support thereof. Plaintiff filed its opposition affidavit. The motion was heard and granted.

From the record before us, the pertinent facts appear in general substance to be as follows: Defendant is a manufacturer of beer. About August 20, 1950, plaintiff entered into an oral contract for exclusive distribution of defendant's products in the area first above noted. E. L. Roehm personally remained the active operating manager at all times of plaintiff's business. He was the sole owner up to January 1, 1954, when a family partnership was formed which assumed the contract with the knowledge and consent of defendant. They formed a family corporation July 8, 1957, which in turn, on that date, assumed the contract with knowledge of defendant and without objection from it.

At all times herein referred to there existed a business custom throughout the industry that under a distributorship like that here under consideration, in the absence of any agreement to the contrary, any termination of the distributorship would only be on reasonable notice from the manufacturer to the distributor. Such reasonable notice would allow at least 60 days after termination so as to permit distributor to gather in accounts, adjust stock on hand, and to otherwise rearrange

his business so as to avoid serious loss. There was also some evidence of a doubtful character relating to an additional extension of time for nine months more, but we need not here discuss the details thereof.

Defendant's affidavit consisted principally of a copy of the sworn deposition of E. L. Roehm, in which he testified in detail as to the business customs, plaintiff's damage, and the execution of two letters signed by both parties hereto and the notice of termination given by defendant to plaintiff. He testified without reservation that plaintiff and defendant signed each of the letters, one dated August 16, 1955, and one dated June 20, 1956. Each of these letters recited, *inter alia*, that it was a confirmation in writing of the mutual understanding of the parties regarding their contractual relation and that as one of the elements of the contract either party might terminate the relation "at any time, by written notice to that effect." Written notice of termination of the contract was given in writing from defendant to plaintiff on or about August 28, 1958. The motion for summary judgment was granted, the judgment was entered for defendant in accordance therewith, and plaintiff appeals.

### SUMMARY JUDGMENT

The principles regarding application of Code of Civil Procedure, section 437c, that the court in a summary judgment proceeding is engaged in discovering whether or not there are any legal issues to be tried; the necessity for particularization of evidentiary facts in the affidavits; the acceptance as true of those evidentiary facts stated in the affidavit of the party opposing the motion; the strictness of construction toward the affidavit of the moving party; and other matters involved in this type of proceeding, have been adequately reviewed in many recent cases. It is therefore unnecessary to burden this record with a review of the general principles controlling summary judgment procedure. (See *People* v. *City of Garden Grove*, 165 Cal.App.2d 794 [332 P.2d 841]; *Estate of Kelly*, 178 Cal.App.2d 24 [2 Cal.Rptr. 634]; *Spencer* v. *Hibernia Bank*, 186 Cal.App.2d 702 [9 Cal.Rptr. 867], and authorities there cited.)

### THE DISPUTE

The real gravamen of the dispute between plaintiff and defendant relates to the validity of the letters and particularly

the portion thereof giving the right to either party to terminate the contract at any time on written notice to the other. The testimony by deposition of plaintiff's manager, E. L. Roehm, which testimony was set forth at length in the affidavit of defendant, established the prior existence of the oral contract, the full details of the contractual relation, the facts surrounding the signing of the two letters, notice of termination and damage, but no evidentiary facts were given to show economic duress or any other factual negation of the voluntary signing of the letters. The dispute, then, centers directly on whether or not the two letters sufficiently establish a modification of the original oral contract.

### Considerations

■ Plaintiff contends that the letters are invalid as a modification of the oral contract because (it contends) there was no consideration therefor. Plaintiff in its affidavit makes the single flat assertion without supporting detail or evidentiary material, that there was no consideration for the modification, as shown by the letters, of the oral contract. It likewise contends that the letter of termination dated August 28, 1958, was invalid because (it asserts) there was no consideration for the letters of modification. We cannot agree with either of these contentions. Civil Code section 1697 provides as follows: "A contract not in writing may be altered in any respect by consent of the parties, in writing, without a new consideration, and is extinguished thereby to the extent of the new alteration."

This is a clear, direct and unequivocal statutory mandate that no new consideration is required for the alteration of an oral contract by a written modification thereof. (*Griswold v. Pieratt*, 110 Cal. 259, 263 [42 P. 820]; *G. S. Johnson Co. v. Nevada Packard Mines Co.*, 272 F. 291, 297 [3].) Thus, it is unnecessary to discuss whether or not plaintiff's lone assertion, without supporting facts that there was no consideration for the written agreement, complied with the particularization required by Code of Civil Procedure, section 437c.

Furthermore, if the letters be regarded as a true recitation of the original oral contract, it was supported as to consideration by the mutual promises of the parties thereto. (*Furlong v. White*, 51 Cal.App. 265, 273 [5] [196 P. 903].)

### CLAIMED ERRORS IN LETTERS

■ Next, appellant asserts that there were errors in the letters. Its affidavit merely states that "said letters are incorrect in several particulars." This statement in the affidavit is not supported in any way by any evidentiary material nor does plaintiff point out either in his deposition which was given in defendant's affidavit, nor in his own affidavit, just how the letters were in error. No particularization whatever is given. This does not comply with the requirement of the section that evidentiary facts be stated with particularity in support of such a conclusion. The statement, as contained in the affidavit, has no legal force whatever. (*Estate of Kelly, supra,* p. 29 [5]; *Buffalo Arms, Inc.* v. *Remler Co.,* 179 Cal. App.2d 700, 710 [13-10b] [4 Cal.Rptr. 103]; *Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84, 92 [10] [9 Cal.Rptr. 405].)

### ECONOMIC DURESS

■ Next, plaintiff contends that the letters were invalid (it alleges) because letters were obtained under threat of economic duress. In its affidavit plaintiff simply makes the same bald assertion without any evidentiary facts of any kind whatever to support it. The statement is pure legal conclusion and can be given no evidentiary weight whatever in this proceeding. (*Marshall* v. *Packard-Bell Co.,* 106 Cal. App.2d 770, 774 [5] [236 P.2d 201].) It does not meet the requirements of the section. (*Hardy* v. *Hardy,* 23 Cal.2d 244, 248 [4] [143 P.2d 701]; *Terrell* v. *Local Lodge 758, etc., Machinists,* 150 Cal.App.2d 24, 28 [3] [309 P.2d 130]; *Johnson* v. *Holt,* 173 Cal.App.2d 107, 110 [1] [342 P.2d 398].)

### CONTRACT NOT ILLUSORY

■ Plaintiff next contends that because the contract provided for termination of written notice from either party it belongs in the category called "illusory" by such authorities as *Automatic Vending Co.* v. *Wisdom,* 182 Cal.App.2d 354 [6 Cal.Rptr. 31]; *County of Alameda* v. *Ross,* 32 Cal.App.2d 135 [89 P.2d 460]; and *Shortell* v. *Evans-Ferguson Corp.,* 98 Cal.App. 650 [277 P. 519]; and that no binding obligation is imposed therefrom on anyone, citing *Hancock Oil Co.* v. *McClellan,* 135 Cal.App.2d 667 [288 P.2d 39], and *Charles Brown & Sons* v. *White Lunch Co.,* 92 Cal.App. 457 [268 P. 490]. This contention is without merit, as an analysis of the authorities cited by plaintiff shows. In the *Automatic*

*Vending Co.* case, the contract was held valid even though the right to change prices on notice was unrestricted. The *County of Alameda* case involved the right of the county to spend public funds on a bridge over the Oakland estuary, where the county held only a conditional license revocable at any time by the unilateral control of the Secretary of War. The decision also rested on the expenditures in part being for the sole benefit of a private railroad. The *Shortell* case involved a unilateral right to reject a land purchase deposit. The *Hancock* case rested on the retention in Hancock of the sole unilateral discretion as to quantity and price of goods sold. The *Brown* case likewise involved unilateral control of quantity, price and continuance of contract in the seller. There was no mutuality. Thus, it is clear that lack of mutuality of obligation is the fundamental basis of the ''illusory'' terminology.

In the case at bar, none of the factors or deficiencies discussed in the cited cases were present. Here we have a perfectly enforceable contract of distribution with prices fixed, not at the will of the parties, but by the prevailing market. Each party had fixed responsibilities for a delivery, payment, etc. Each had the right to terminate on written notice. Mutuality was present in all parts of the contract; nothing was unilateral. Such a contract is binding on the parties until written notice of termination has been given. Both had not only the right but the mutual duty to give written notice to the other if they desired to terminate the relation. (*Mattei* v. *Hopper,* 51 Cal.2d 119, 152 [2] [330 P.2d 625]; *Sloan* v. *Stearns,* 137 Cal.App.2d 289, 296, 297 [5-6] [290 P.2d 382]; *Ross* v. *Frank W. Dunne Co.,* 119 Cal.App.2d 690, 698 [4] [260 P.2d 104]; Witkin, Summary of California Law, Vol. 1, p. 83 [3]; *A. S. Rampell, Inc.* v. *Hyster Co.,* 3 N.Y.2d 369 [144 N.E.2d 371, 379]; *Buggs* v. *Ford Motor Co.,* 113 F.2d 618, 619-621 [1]; *Bushwick-Decatur Motors* v. *Ford Motor Co.,* 116 F.2d 675, 677.) No other points are raised by plaintiff.

The judgment is affirmed.

Griffin, P. J., concurred.